STACI FORSBERG *v.* NEW HAMPSHIRE INSURANCE
COMPANY ET AL.

NEW HAMPSHIRE INSURANCE COMPANY ET AL. *v.*
STACI FORSBERG
(9327)

DALY, NORCOTT and LAVERY, Js.

Argued February 15—decision released May 21, 1991

*Elizabeth A. Gallagher,* for the appellant (plaintiff in the first case, defendant in the second case).

*George J. DuBorg,* for the appellee (named defendant in the first case, named plaintiff in the second case).

*Daniel P. Scapellati,* with whom, on the brief, was *John W. Lemega,* for the appellee (State Farm Mutual Automobile Insurance Company).

NORCOTT, J. The dispositive issue in this appeal is whether the trial court correctly determined that Staci Forsberg's vehicle was an "underinsured motor vehicle" under General Statutes (Rev. to 1987) § 38-175c (b) (2) (now § 38a-336 [d]). This case causes us to reexamine,

yet again, General Statutes (Rev. to 1987) § 38-175c (now § 38a-336), the uninsured motorist coverage statute.

The facts are undisputed. On December 3, 1987, the plaintiff in the first action, Staci Forsberg, was involved in a head-on motor vehicle collision between her car and one driven by Karen Timko. Timko was intoxicated and her negligence was the sole cause of the accident. The plaintiff recovered $25,000 from the tortfeasor's liability policy issued by Nationwide Insurance Company (Nationwide). At the time of the accident, the plaintiff had a policy with New Hampshire Insurance Company (New Hampshire). That policy had an uninsured-underinsured motorist coverage limit of $20,000. As a member of her mother's household, the plaintiff was also covered by her parent's policy with State Farm Mutual Automobile Insurance Company (State Farm), which provided for uninsured-underinsured motorist limits of $300,000. All three policies provided for arbitration of disputes in connection with uninsured-underinsured motorist coverage.

Arbitration commenced on March 17, 1989. As a result, the arbitrator awarded the plaintiff a net recovery of $295,000 to be paid pro rata by both New Hampshire and State Farm. After apportioning a prorated credit to each company for the $25,000 paid to the plaintiff by Nationwide, the arbitrator found that the plaintiff was entitled to a recovery of $18,437.50 from New Hampshire and $276,562.50 from State Farm. Thereafter, the plaintiff moved to confirm the award, and New Hampshire moved to vacate the award. State Farm was allowed to intervene in the second action. On June 22, 1990, the trial court vacated the award against New Hampshire. The plaintiff brought this appeal from the court's ruling.

On appeal, the plaintiff claims that the trial court incorrectly determined that her vehicle was an "under-

insured motor vehicle" under § 38-175c (b) (2). She argues that the court's finding was incorrect because (1) the term "underinsured motor vehicle" as defined in § 38-175c (b) (2) applies only to vehicles that are causally connected to a claimed loss, and (2) the court failed to apply relevant Connecticut law regarding interpolicy "stacking"[1] in determining the amount of underinsurance coverage available to the plaintiff. We agree.

Section § 38-175c (b) (2) defines an underinsured motor vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection."[2] Implicit in this definition and throughout § 38-175c "is the commonsensical requirement that the underinsured vehicle be *causally connected* to the loss for which the claimant seeks compensation. 'The purpose of underinsured coverage is to protect the named insured and other additional insureds from suffering an inadequately compensated injury *caused by an accident with an inadequately insured automobile.*' (Emphasis added.)" *Travelers Ins. Co. v. Kulla,* 216 Conn. 390, 398, 579 A.2d 525 (1990).

---

[1] "Stacking" is the ability of the insured "when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy above would be inadequate." *Nationwide Ins. Co. v. Gode,* 187 Conn. 386, 388–89 n.2, 446 A.2d 1059 (1982).

[2] General Statutes (Rev. to 1987) § 38-175c (b) (1) (now § 38a-336 [b]) provides: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage."

Applying this principle to the facts of this case, we conclude that the plaintiff's vehicle was not an underinsured motor vehicle because it was not causally connected to the accident in question. Thus, the trial court improperly found that the plaintiff was barred from recovery under General Statutes (Rev. to 1987) § 38-175c (a) (1) (B) (now § 38a-336 [a] [B]), under which an insurer is not required to provide coverage "to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."

This does not, however, end our inquiry. The trial court also refused to allow the plaintiff to stack her underinsurance coverage under the New Hampshire and State Farm policies. Although the court did so in the context of improperly determining that the plaintiff's vehicle was underinsured, the issue of stacking is relevant to the question that the court should have examined—whether the tortfeasor's vehicle was underinsured.

Our Supreme Court recently explained the process for determining whether a motor vehicle is underinsured. " '[T]he aggregate of the limits of all such bonds and policies *on the tortfeasor's motor vehicle* is compared against the amount of uninsured motorist coverage of the insured.' (Emphasis in original.) *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 194, 530 A.2d 171 (1987). 'If the aggregate is less than the limits of liability in the uninsured motorist portion of the insured's policy, then the underinsurance coverage is activated.' Id." *American Motorists Ins. Co.* v. *Gould,* 213 Conn. 625, 630, 569 A.2d 1105 (1990). This mechanism allows the tortfeasor's liability policy or policies to be exhausted before a claimant asserts a claim against his or her own policy or policies for underinsured motorist coverage. When we apply this analysis to the present case, the question of whether the limit of liability under the tortfeasor's policy ($25,000) is less

than the amount of underinsured motorist coverage available to the plaintiff hinges on whether the plaintiff is allowed to stack the New Hampshire ($20,000) and State Farm ($300,000) policies.

Interpolicy stacking for situations involving underinsured motor vehicle claims is clearly sanctioned by the courts of Connecticut. "[Our Supreme Court] has, on a number of occasions, considered the 'stacking' of uninsured and underinsured automobile insurance coverage for two passenger cars . . . [and has] noted that the issue of aggregation of coverage for multiple vehicles can arise with regard either to 'interpolicy stacking' under separate and distinct insurance policies, or to single policy, 'intra-policy stacking.' Regardless of this difference in form, we have repeatedly held that General Statutes § 38-175c permits an injured claimant to 'stack' coverages." *Allstate Ins. Co.* v. *Ferrante,* 201 Conn. 478, 481–82, 518 A.2d 373 (1986). Such stacking is allowed because " '[w]here two premiums are paid for two vehicles, whether in one policy or two, total coverage for the named insured is doubled since a person can reasonably expect double coverage when he pays double premiums.' " *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 396, 446 A.2d 1059 (1982); see also *American Motorists Ins. Co.* v. *Gould,* supra, 630, 633.

The legislature's intent in enacting § 38-175c also supports stacking. In subsection (a) (1), that statute enunciates its purpose as "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of . . . underinsured motor vehicles . . . ." Accordingly, our Supreme Court has recognized that General Statutes § 38-175c is person rather than vehicle oriented; *Travelers Ins. Co.* v. *Kulla,* supra, 399; and is to be construed " 'to permit the injured party to recover the amount he would have received had the tortfeasor been

insured to the same extent as the injured party.' *Connolly* v. *Royal Globe Ins. Co.*, 455 A.2d 932 (Me. 1983)." *American Motorists Ins. Co.* v. *Gould,* supra, 631.

To accept the trial court's decision here, thus disallowing the stacking of the policies under which the plaintiff is entitled to underinsured motorist coverage, would be contrary to this legislative intent. General Statutes § 38-175c " 'could not have been intended to place the insured who is injured by an underinsured motorist in a better position than one who is harmed by a motorist having the same insurance as the insured.' *Dewberry* v. *Auto-Owner Ins. Co.*, 363 So. 2d 1077, 1081 (Fla. 1978)." *American Motorists Ins. Co.* v. *Gould,* supra. Similarly, it could not have been the legislative intent to place the insured who is injured by an underinsured motorist in a worse position than one who is harmed by a motorist having no insurance whatsoever. *Nationwide Ins. Co.* v. *Gode,* supra, 396–97. Had the plaintiff been struck by an uninsured motorist, she clearly would have been allowed to recover from both the New Hampshire and State Farm policies. *Safeco Ins. Co.* v. *Vetre,* 174 Conn. 329, 335, 387 A.2d 539 (1978). Therefore, to avoid an "anomalous" situation, "§ 38-175c must be interpreted to allow the [plaintiff] to stack the uninsured motorist coverages when determining [her] underinsured motorist benefits." *Nationwide Ins. Co.* v. *Gode,* supra, 397. Because the plaintiff can stack her coverage under the New Hampshire and State Farm policies, the tortfeasor's vehicle was an "underinsured motor vehicle" under § 38-175c (b) (2).

The judgment is set aside and the case is remanded with direction to render judgment confirming the arbitration award.

In this opinion the other judges concurred.