[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant has moved for a summary judgment in this case where the basic issue is whether the tort feasor is on underinsured motorist. For the purpose of the motion, the facts set forth below are either admitted or undisputed.
On June 20, 1987, the plaintiff's decedent, Joseph Semasko, died as a result of injuries sustained in a motor vehicle accident with a car operated by Shaun O'Rourke and owned by Barbara O'Rourke. The O'Rourkes had automobile liability coverage with Royal Insurance Company in the amount of $300,000.00. That sum has been paid to the plaintiff as administrator by the O'Rourke's liability carrier.
On June 14, 1987, the date of the accident, and until his death, the plaintiff's decedent was an insured pursuant to the uninsured-underinsured motorist provisions of a policy issued by the defendant to Noreen Semasko, the decedent's widow. The uninsured-underinsured motorist coverage on this policy is $50,000.00 per person. Aside from the policy issued by the defendant, the decedent was also covered by the uninsured-underinsured motorist provisions of three other policies that had been issued to him, his widow or the plaintiff. The total uninsured-underinsured motorist coverage on the four policies is $730,000.00.
The damages to the decedent were in excess of $350,000.00 ($300,000.00 from the O'Rourke liability carrier plus $50,000.00 on the policy issued by the defendant). But for reasons hereinafter stated, the defendant refuses to pay anything on the policy issued to the decedent's widow.
 I.
Before proceeding to the merits of the defendant's motion, it is appropriate to set forth the standards for a summary judgment. Practice Book Section 384 permits a summary judgment to be entered CT Page 4837 if the pleadings, affidavits and any other proof submitted demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The test is whether, on the recited facts, the defendant would be entitled to a directed verdict. Connelly v. Housing Authority,213 Conn. 354, 364 (1990).
 II.
The defendant's contention is that Shaun O'Rourke cannot be considered as an underinsured motorist because his liability coverage exceeded the underinsured motorist coverage provided by the policy that it had issued to the decedent's widow. This claim which treats the defendant's policy in isolation and ignores the rest of the policies insuring the decedent runs contrary to the principle of stacking as discussed in decision such as American Motorists Ins. Co. v. Gould, 213 Conn. 625, 630-31 (1990); American Universal Ins. Co. v. Del Greco, 205 Conn. 178, 194
(1987) and Nationwide Ins. Co. v. Gode, 187 Conn. 386, 396-97
(1982). The defendant argues, however, that in Farm City Ins. Co. v. Stevens, 215 Conn. 157, 160 (1990), the Supreme Court disapproved inter-policy stacking. Inter-policy stacking involves the aggregation of uninsured-underinsured motorist coverage under more than one policy whereas intra-policy stacking is the aggregation of the limits of such liability where several vehicles are covered in one policy. Farm City Ins., Co., v. Stevens, supra at 160 n. 3; Nationwide Ins. Co. v. Gode, supra at 388-89 n. 2.
In the court's view, the defendant's reading of Farm City Ins. Co. v. Stevens is egregious. All that was decided in that case was that a claimant could not stack the tort feasor's underinsured motorist coverage with his own in an effort to activate his own coverage. If the defendant's interpretation were correct, we would not have post-Farm City decisions like Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 649,653 (1991) and Forsberg v. New Hampshire Ins. Co., 24 Conn. App. 655,660 (1991).
The defendant has not established an entitlement to a summary judgment as a matter of law. Consequently, the motion is denied.
BARNETT, J.