STACI FORSBERG *v.* NEW HAMPSHIRE INSURANCE
COMPANY ET AL.
NEW HAMPSHIRE INSURANCE COMPANY ET AL. *v.*
STACI FORSBERG
(9327)

DALY, NORCOTT and LANDAU, Js.

Argued December 10, 1991—decision released March 3, 1992

*Elizabeth A. Gallagher,* for the appellant (plaintiff in the first case, defendant in the second case).

*George J. DuBorg,* for the appellee (named defendant in the first case, named plaintiff in the second case).

*Daniel P. Scapellati,* with whom, on the brief, was *John W. Lemega,* for the appellee (State Farm Mutual Automobile Insurance Company).

PER CURIAM. This case returns to this court on remand from our Supreme Court so that we may reconsider our decision reversing the judgment of the trial

court in light of the Supreme Court's recent decision in *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 594 A.2d 977 (1991).

The facts of the present case are set forth in *Forsberg* v. *New Hampshire Ins. Co.,* 24 Conn. App. 655, 657, 591 A.2d 147, remanded for reconsideration, 220 Conn. 922, 597 A.2d 342 (1991), and do not warrant repetition here. The dispositive question before us in that case was "whether the trial court correctly determined that Staci Forsberg's vehicle was an 'underinsured motor vehicle' under General Statutes (Rev. to 1987) § 38-175c (b) (2) (now § 38a-336 [d]). Id., 656. We determined that the vehicle was *not* an underinsured vehicle as defined by the relevant statute and that the plaintiff, Forsberg, should be allowed to stack her uninsured-underinsured motorist coverage under policies held by her individually and by her parents.[1] Id., 659–61. Accordingly, we remanded the case to the trial court with direction to render judgment confirming the arbitration award, which was in accordance with our decision.

Subsequent to our decision, our Supreme Court decided in *Covenant Ins. Co.* v. *Coon,* supra, that, in determining the liability limit for purposes of underinsured motorist insurance, the relevant amount to be examined is the per person limit available to the victim, and that, for the purpose of determining whether a tortfeasor's vehicle is underinsured, the uninsured motorist insurance statute, General Statutes § 38a-336, limits consideration of underinsured motorist coverage to each individual policy available to the claimant separately. Id., 34. Under this analysis, our decision in *Forsberg,* which directly conflicts with *Covenant,* must be changed to conform to that recent Supreme Court case.

The judgment of the trial court is affirmed.

---

[1] The parents' policy covered the plaintiff as a member of her parents' household.