[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts of the instant case, which are not in dispute, reveal that the plaintiff Jennifer Shurretto sustained injuries and damages in a two car accident on June 14, 1988, in Waterbury. The offending second car, operated by one Marie Bosco, was insured by Safeco Insurance Company whose liability policy coverage was limited to an aggregate of $50,000. Because there were other covered persons injured in the accident, the plaintiff received only $13,400 from Safeco.
The defendant insurance carrier provided uninsured/underinsured motorist coverage to the plaintiff's parents in the amount of $300,000. The plaintiff, an insured under the Hanover policy, filed a claim and a hearing was held before three arbitrators. The tribunal unanimously assessed the plaintiff's damages at $87,500. It is not disputed that Hanover is entitled to a credit of $4,873 for basic reparations payments made under other provisions of the policy. CT Page 2710
The issue presented is whether the defendant may further reduce the amount it owes to the plaintiff by the entire amount paid to all claimants by the tortfeasor's liability carrier. In other words, is the defendant, as a 2 to 1 majority of the arbitrators found, entitled to a credit of $50,000, the full amount paid by Safeco, against what is due the plaintiff, or is the defendant's credit limited to the plaintiff's actual share of the Safeco payment ($13,400) plus her basic reparations benefit ($4,873)?
The arbitrators' award to the plaintiff, which is based on the aggregate Safeco payment, is $32,627. It is the plaintiff's contention that the arbitrators are in error and that she is entitled to receive $69,227, a difference of $36,600. The plaintiff filed an application to modify or correct the award, and the defendant thereafter filed a motion to confirm the same. Both parties filed supporting memorandum and were heard in oral argument.
Because arbitration of the matter was compulsory, as mandated by statute (Sec. 38a-336 (c)), Conn. Gen. Stat., formerly Sec. 38-175c(a)(1)), "[the]. . . court must conduct a de novo review of the interpretation and application of the law by the arbitrators." Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371, 375
(1991), quoting American Universal Ins. Co. v. DelGreco, 205 Conn. 178,191 (1987).
There is no dispute that the Bosco vehicle was underinsured as that term is statutorily defined. Sec. 38a-336 (b), Conn. Gen. Stat. That conclusion is reached by comparing the limits of coverage on the Bosco liability policy ($50,000) with the limits of uninsured motorist coverage available to the plaintiff under the defendant's policy ($300,000). American Motorists Ins. Co. v. Gould, 213 Conn. 625, 630 (1990).
The extent of the defendant's obligation to pay the plaintiff is determined by examining the applicable statutes and regulations as well as pertinent language of the insurance contract. In that connection Sec. 38a-336 (b) of the statutes provides as follows:
 "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no CT Page 2711 event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage".
Although the statute establishes a cap, it does not define with specificity what payments may be considered a reduction of any amount found to be due an individual uninsured motorist claimant. The insurance regulation adopted with reference to the statute (Sec. 38-175a-6 (d)) is somewhat illuminating in that it allows the insurance policy to provide for a reduction of the insurer's limits of liability to the extent that damages have been "(1) paid by or on behalf of any person responsible for the injury." American Universal Ins. Co. v. DelGreco, supra 197. The question whether the reduction is equal to the aggregate payment, or only that portion paid to the claimant, remains unclear, however.
The issue is resolved, in the view of this court, by an examination of the language of the policy (Plaintiff's Exhibit 1). Under Part C (p. 8) the defendant is obligated to "pay damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury:' 1. Sustained by an `insured'. . ." The policy later (p. 10) provides for a reduction of such damages by all sums "1. Paid because of the `bodily injury' by or on behalf of persons or organizations who may be legally responsible." (underlining added).
The later (p. 10) reference to "the bodily injury", relates back, if not clearly, at least by implication, to the earlier description (p. 8) of bodily injury sustained by the insured. Reading the two references in conjunction with one another, the limitation reduces the amount of recovery by all sums received by the plaintiff by reasons of her bodily injury.
"The purpose of underinsured coverage is to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile." Travelers Ins. Co. v. Kulla,216 Conn. 390, 398 (1990). To effectuate such purpose "[a] limitation of liability on uninsured or underinsured motorist coverage must be construed most strongly against the insurer" [and] "any ambiguity in policy language must [, likewise,] be construed most strongly against the insurer." Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 675 (1991). The fairness of these principals of insurance law is obvious. When one purchases and pays a premium for uninsured/underinsured motorist protection, one has a reasonable and understandable expectation that total CT Page 2712 coverage will be afforded to anyone who is an insured thereunder. See Cohn v. Aetna Ins. Co., 213 Conn. 525, 529-30 (1990).
By the same token, it could not have been the legislature's intent "to place the insured who is injured by an underinsured motorist in a worse position than one who is harmed by a motorist having no insurance whatsoever." Forsberg v. New Hampshire Ins. Co., 24 Conn. App. 655, 661 (1991). Had the Bosco vehicle been uninsured, the plaintiff would have recovered $87,500 from the defendant. Even with the existent Bosco coverage, the plaintiff, had the arbitrators valued her claim at $50,000 or less, would have been denied any recovery (exclusive of basic reparations payments) on the theory the defendant advances. An interpretation of the statute (Sec. 38a-336 (b)) and regulations (Sec. 38-175-6 (d)) resulting in avoidance of such anomalous consequences is clearly to be favored.
The defendant relies in support of its position on the decision reached in American Motorists v. Gould, supra. In the view of this court such reliance is misplaced.
In Gould (p. 636) the court agreed that the "regulation [Sec. 38-175a-6 (d)(3)] does not specifically address whether the `reduction of limits' by virtue of payments made in settlement of a liability claim refers to the total paid to all victims of the accident or only to the amount paid on an individual basis to each victim." In reaching its result denying recovery to the claimant, the court relied upon the "clear" and "unambiguous" language of the policy:
 "The policy provision reducing uninsured motorist limits by payments made in behalf of the tortfeasor, specifically including `all sums paid under the liability portion of the policy, expressly contemplates that the entire $100,000 paid in behalf of [the tortfeasor] is to be subtracted from the defendant's uninsured motorist limit of $80,000. [A]ll sums paid under part A [liability coverage]' must be construed to refer to payments made to other victims as well as the $21,000 paid to the defendant." (Underlining added). Id.
The court recognizes that "[e]very reasonable presumption and intendment will be made in favor of the [arbitration] award and of the arbitrators' acts and proceedings; [and that] the burden rests on the party attacking the award to produce evidence sufficient to CT Page 2713 invalidate or avoid it." AFSCME v. New Britain, 206 Conn. 465,472 (1988). Nonetheless, the court is persuaded that the arbitrators, in making their award, ignored the distinction in language of the Gould policy with that of the instant policy. As hereinbefore set forth, the policy of insurance issued by the defendant permits a reduction of uninsured limits of coverage by virtue of sums otherwise paid because of "the bodily injury." The reduction permitted as to the plaintiff's claim is only that amount which she, and she alone, received as a result of her bodily injury.
The application to modify or correct arbitration award (#102) is granted to the extent that such modification or correction is consistent with this decision.
The motion to confirm arbitration award (#103) is denied.
GAFFNEY, JUDGE