[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE ARBITRATION AWARD
The present action before the court involves an application to vacate an insurance arbitration award by an insurer, Allstate Insurance Company (hereinafter "Allstate") and an application to confirm the same arbitration award by the insured's personal representative, Barbara Dooley, administratrix of the decedent's estate (hereinafter administratrix").
The general issue before the three member arbitration committee (hereinafter "arbitration committee") was whether underinsured benefits are available to the representative of the estate of Luke Mastal under a policy of insurance issued by Allstate. Mr. Mastal suffered injuries which resulted in his death in a 1987 motor vehicle accident.
The narrower issue before the arbitration committee was whether intrapolicy stacking is appropriate in an underinsured claim for purposes of determining if the tortfeasor's vehicle is underinsured. The arbitration committee, is a well-reasoned decision, held that the use of intrapolicy stacking was appropriate in determining whether the tortfeasor's vehicle was underinsured and found that the decedent's estate was entitled to an award of $75,000.00. CT Page 8099
This court adopts the rationale and conclusions of law reached by the arbitration committee. (See Appendix A, decision of arbitrators dated February 5, 1993).
Therefore, the court denies the Allstate's application to vacate the arbitrators' award and grants the administratrix's application to confirm the arbitration award.
It is so ordered and the arbitration award is confirmed.
HIGGINS, J.
APPENDIX A
DECISION OF ARBITRATORS
JOHN C. FITZGERALD, JR.
FACTS
The sole issue which has been placed before the arbitrators is whether underinsured benefits are available to the representative of the estate of Luke Masztal under a policy of insurance issued by the respondent Allstate. Mr. Masztal suffered injuries which resulted in his death in a 1987 motor vehicle accident. The factors giving rise to the claim are undisputed, the parties having appended to their submission a "Stipulation for Arbitration" which sets forth an agreed upon universe of facts necessary for addressing the question posed. A copy of the stipulation is attached hereto.
The parties are in agreement that the maximum amount of underinsured benefits available under any theory, is, after application of agreed upon credits, $75,000.00. There is also agreement that the damages suffered by the estate of Masztal after application of all available credits, are in excess of $75,000.00. In the event it is concluded that an award is in order, it is agreed and stipulated by both parties that the award should be $75,000.00.
The benefits of which the claimant seeks to avail herself emanate from a single policy of insurance which insured two automobiles. No issue exists as to whether the claimant's descendant was an insured under the terms of the respondent's CT Page 8100 policy. See, "Stipulation for Arbitration". The exclusive issue which the arbitrators have been called upon to address is whether intrapolicy stacking is appropriate in an underinsured claim for purposes of determining if the tortfeasor's vehicle is underinsured. It is agreed by the parties that, absent accessibility to intrapolicy stacking, the claim must be denied.
DISCUSSION
At the outset it should be noted that the Courts of Connecticut have held that the issue of stacking arises in two separate and distinct contexts with regard to underinsured claims. Covenant Insurance Company v. Coon, 220 Conn. 30, 35-37
(1991). The first setting in which stacking must be addressed is for purposes of determining whether the tortfeasor's vehicle is underinsured. The second is for purposes of determining the amount of coverage available to a claimant victimized by an underinsured motorist. It is in the former context that the question posed in this case arises, specifically, whether intrapolicy stacking is appropriate for purposes of determining whether the tortfeasor's vehicle is underinsured.
The response to this question with regard to interpolicy as opposed to intrapolicy stacking is, by virtue of recent case law, abundantly clear: interpolicy stacking may not be interjected into the initial determination of whether the tortfeasor's vehicle is underinsured. Covenant Insurance v. Coon, 220 Conn. 30,36-38 (1991); Fonberg v. New Hampshire Insurance Co.,26 Conn. App. 793 (1992). The initial question which must be discussed, therefore, is whether a policy or legal reason exists which would justify a distinction between intrapolicy and interpolicy efforts to stack coverage.
As indicated above, the Courts of Connecticut have made it apparent in Coon and Fonberg that for purposes of determining underinsured status, interpolicy stacking is impermissible. The Supreme Court has arrived at this conclusion despite the fact that it can readily lead to anomalous results. For example, the claimant in Coon would have had $70,000 in uninsured benefits available to her had the tortfeasor's vehicle been entirely uninsured. Because the tortfeasor had liability limits of $25,000, however, the total of all benefits available to the claimant was $50,000. In effect the claimant was "penalized" in the amount of $20,000 because the tortfeasor had liability coverage. The current posture of the law creates a scenario CT Page 8101 wherein a tortfeasor's compliance with the liability insurance requirements set forth in C.G.S. 38-175b and 14-112(a), can work to the financial detriment of the victim.
Toleration of this anomaly can be justified in the interpolicy context for at least two reasons which occur to the undersigned. A fair reading of the text of Connecticut General Statutes 38a-336 limits scrutiny to a single policy, as opposed to multiple policies, for purposes of making the determination of whether a tortfeasor's vehicle is underinsured. Covenant Insurance Company v. Coon, 220 Conn. 30, 35-36 (1991). Such a reading precludes aggregation of limits from different policies for purposes of making this threshold determination. The second justification concerns notions of fundamental fairness. While the battle cry of "fairness" is most frequently sounded in the context of individual rights, nowhere in the reported case law is there justification for the notion that sensitivity to fairness concerns should be lessened in the context of an institutional litigant. With this in mind, tolerance of interpolicy stacking can produce unanticipated and arguably unfair exposure for insurance providers. A review of the facts of Coon illustrates such a scenario. In Coon, North River Insurance Company had issued a policy of insurance with uninsured coverage of $20,000.00. In such a situation the carrier would have a good faith reason to believe that a claim against the coverage would only occur if an insured fell victim to a tortfeasor with less than $20,000 of liability coverage. It is presumed that on this basis North River assessed the risk, and on that basis calculated the premium charged for the coverage.
Permitting interpolicy stacking for purposes of determining underinsured status, as the claimant sought in Coon, would deny carriers the ability to engage in this evaluation with any confidence. Exposure would be dictated by acquisition of policies from other carriers over which the original carriers had no control and, equally as important, no knowledge. Such a scenario would permit a carrier to be "ambushed" into providing coverage in situations not contemplated, through aggregation of insurance coverage.
Application of the arguments which carried the day regarding interpolicy stacking, however, are not, compelling in the context of intrapolicy stacking.
The textual analysis in Coon is not dispositive due to the CT Page 8102 fact that multiple policies are not involved. Nationwide Insurance Company v. Gode, 187 Conn. 383, 394-395 (1982). In addition, the fear of "ambush" does not exist because a single carrier provides a policy covering more than one vehicle, and a claim of surprise cannot be seriously made.
Case law is more helpful in this regard. In Nationwide Insurance Co. v. Gode, 187 Conn. 383 (1982), the Connecticut Supreme Court met head on the issue which presently rests before this panel, and concluded that intrapolicy stacking is appropriate for purposes of determining underinsured status. The flurry of decisions, however, which the courts of Connecticut have generated in recent years revisiting the topic of uninsured/underinsured coverage does not permit complete confidence in the continuing vitality of Gode, See e.g. Bodner v. USAA, 222 Conn. 480 (1992); Bouley v. Norwich, 222 Conn. 244
(1992); Lumberman's Mutual Insurance Co. v. Huntley 223 Conn. 22
(1992). Indeed an argument can be made in light of significant changes in this area over the last four years, that Gode is of historical, rather than precedential significance.
It is the conclusion of the undersigned, however, that Gode is still an accurate reflection on the law involving intrapolicy stacking, and this decision is, in part, fortified by the more recent decision of Farm City Insurance Co. v. Stevens, 215 Conn. 157
(1990). In Farm City, a pre Coon case, the claimant sought to stack coverage from a policy on which she was an insured, with the tortfeasor's policy, for purposes of determining whether the tortfeasor was underinsured. Rather than indicate that stacking for this purpose was inappropriate, and thereby overruling Gode, the court distinguished the Farm City facts and indicated that stacking, in the context of those facts, was inappropriate.
Clearly, had the court intended that all stacking for purposes of determining underinsured status be barred, the logical method of doing so would have been to indicate as much and, in effect, overrule Gode. The court's desire to preserve Gode can be seen in its effort to distinguish the Farm City facts.
Additionally, but not insignificant in the opinion of the undersigned, the anomalous result in which a claimant is financially better served by having been injured by an uninsured as opposed to underinsured tortfeasor, is avoided through continued application of the principles articulated in Gode. CT Page 8103
For the foregoing reasons, it is the opinion of the undersigned that intrapolicy stacking is appropriate for purposes of determining whether the tortfeasor's vehicle was underinsured, and an award to the claimant in the amount of $75,000 is hereby made.
JOHN C. FITZGERALD, JR.
EDMUND GRADY Concurring