## JOAN CARISEO *v.* WILLIAM CARISEO
### (10938)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued March 9—decision released May 17, 1983

*Robert P. Kowalczyk,* for the appellant (defendant).

*Raymond G. LeFoll,* for the appellee (plaintiff).

PARSKEY, J. The sole issue involved in this appeal is whether the decision of adult children to further their education while remaining in the family household can constitute a substantial change of circumstances sufficient to warrant a modification of alimony. Because we hold that it cannot do so, we find error.

The parties, who were married on July 30, 1960, are the parents of three children, a son, William, born October 16, 1960, a daughter, Linda, born February 6, 1962, and a daughter, Alice, born January 7, 1963.

The marriage was dissolved on May 31, 1978, by a decree which ordered the care, custody and education of the minor children committed to the plaintiff. The defendant husband was ordered to pay alimony of $30 a week, support of $25 a week for each of the daughters and $5 a week for William.

On June 17, 1981, the plaintiff filed a motion for modification of alimony. The parties agreed that the motion could be heard by the court on the basis of the financial affidavits and oral argument. The plaintiff claimed that her alimony should be modified because of her increased expenses and the defendant's increased income. The increase in her expenses she attributed to inflation[1] and to the fact that two of the children residing with her were attending college. The court observed that, although the college students had attained their majority, the mother was still feeding them and providing a roof over their heads and that it was disproportionate to have her bear the burden of maintaining these students while they were in college. On that basis[2] the court ordered an increase in alimony of $15 a week.

The obligation of a parent to support a child terminates when the child attains the age of majority, which, in this state, is eighteen. General Statutes § 1-1d; *Ken-*

---

[1] The plaintiff made no claim and offered no evidence that inflation had a disparate impact upon her financial situtation from that of the defendant and the court did not allude to inflation as a basis for its order. Of course, the mere fact of inflation would not be sufficient ground for an increase in alimony. *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982); *Moore* v. *Moore,* 173 Čonn. 120, 123, 376 A.2d 1085 (1977).

[2] In a memorandum of decision denying the defendant's motion for articulation the court noted that "[t]he issue raised by the motion [for modification of alimony] before the court was whether the decision of the children to further their education while remaining in the family household [constituted] a substantial change in circumstances and one not contemplated by the parties."

*nedy* v. *Kennedy,* 177 Conn. 47, 52, 411 A.2d 25 (1979); *Sillman* v. *Sillman,* 168 Conn. 144, 358 A.2d 150 (1975). "The statutory grant of jurisdiction to the Superior Court in matters relating to child support incident to the dissolution of a marriage likewise expressly circumscribes the court's jurisdiction to orders involving only 'minor children.' " *Broaca* v. *Broaca,* 181 Conn. 463, 466, 435 A.2d 1016 (1980); *Miller* v. *Miller,* 181 Conn. 610, 614, 436 A.2d 279 (1980); *Hunter* v. *Hunter,* 177 Conn. 327, 330, 416 A.2d 1201 (1979). The question presented by this case is whether a substantial change of circumstances for modification of an alimony award may be predicated on financial obligations arising out of a parent's maintenance of adult children in the family home while they are attending college. The short answer to this question is no. Expenses incurred by a parent for the maintenance of an adult child while attending college cannot serve as a justification for modification of alimony.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.