PHYLLIS M. GOULD *v.* JOHN H. GOULD
(2324)

TESTO, DUPONT and BORDEN, Js.

Argued November 8, 1983—decision released January 31, 1984

*Abram A. Washton,* with whom, on the brief, was *Peter W. Rotella,* for the appellant (defendant).

*Thomas B. Wilson,* with whom, on the brief, was *Thomas A. Bishop,* for the appellee (plaintiff).

PER CURIAM. The defendant appealed[1] from a denial of his motion to modify alimony. The issue on appeal is whether the trial court erred in finding that there was no substantial change in circumstances to warrant a modification of the alimony award.

On May 22, 1980, the marriage of the parties was dissolved. There was one minor child born December

[8] See footnote 4, supra.

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

7, 1963.[2] Custody of the minor child was awarded to the plaintiff. The court ordered the defendant to pay the plaintiff child support in the amount of $50 per week and to provide medical insurance coverage for the benefit of the minor child. The court also ordered the defendant to pay the plaintiff $125 per week in periodic alimony until December 7, 1981, the minor child's eighteenth birthday. On that date the $50 per week child support payment was to terminate, with a corresponding increase in periodic alimony from $125 to $160 per week.

The minor child began living with the defendant on June 9, 1981.[3] Since that time the defendant has been paying for the minor child's continuing psychological treatment at the rate of $60 per week. The defendant also voluntarily assumed the obligation of paying the $346.50 weekly expense of keeping his mother in a nursing home.

On December 7, 1981, the defendant moved to modify the periodic alimony. A hearing on the motion was held on January 11, 1982. The trial court denied the motion on the ground that the defendant failed to meet any of the criteria permitting a modification, and the defendant appealed.

"Our review of a trial court's decision on a motion for modification of periodic alimony is limited to deciding whether the trial court has abused its discretion." *Connolly* v. *Connolly,* 191 Conn. 468, 472, 464 A.2d 837 (1983). The moving party must make a clear showing of substantial change in the circumstances of either party occurring subsequent to the entry of the decree which was not contemplated by the parties at the rendition of the initial decree. Id., 473.

[2] The parties had another child who was not a minor at the time of the dissolution. The defendant testified that that child is also living with him.

[3] On August 17, 1981, the child support order was terminated retroactive to June 9, 1981.

The trial court had evidence before it indicating that the defendant voluntarily assumed the obligation of supporting his children who had attained the age of majority, and his mother who was in a nursing home. The Supreme Court has held that a substantial change in circumstances for modification of periodic alimony cannot be predicated on financial obligations arising out of a parent's maintenance of an adult child in the family home while attending college. *Cariseo* v. *Cariseo,* 190 Conn. 141, 143, 459 A.2d 523 (1983). The trial court found that although the defendant may have a moral obligation to support his mother, his voluntary assumption of that obligation does not amount to a legal obligation. Although a broad range of circumstances is relevant in deciding whether a decree may be modified; *Cummock* v. *Cummock,* 180 Conn. 218, 221, 429 A.2d 474 (1980); we cannot say that the trial court abused its discretion by concluding as it did.

There is no error.