## DONNA SIMMS *v.* ROBERT SIMMS
### (9024)

DUPONT, C. J., SPALLONE and NORCOTT, Js.

Argued January 8—decision released July 9, 1991

*Daniel W. Moger, Jr.,* for the appellant (plaintiff).

*Michael A. Meyers,* with whom was *Patricia C. Reath,* for the appellee (defendant).

NORCOTT, J. The plaintiff in this action appeals from the trial court's denial of her motion for modification of alimony. She claims that the court improperly determined that the defendant's receipt of certain moneys in exchange for United States treasury bonds was not income and therefore did not warrant modification of her alimony award. We affirm the trial court's judgment.

The following facts are necessary to our resolution of this appeal. The marriage of the parties was dissolved on September 24, 1979. The judgment of dissolution

incorporated the terms and provisions of a settlement agreement entered into by the parties on August 24, 1979. That agreement provides, inter alia, for unallocated alimony and child support to be paid to the plaintiff, with alimony payments to increase automatically beginning in August, 1982, by the lesser of 33⅓ percent of the defendant's net income over $52,000 or 5 percent of the alimony payments to which the plaintiff was entitled for the previous calendar year. For purposes of this calculation, the agreement defines "net income" as "the gross income of the Husband from all sources, excluding capital gains, capital losses or S corporation losses, including that income to which he shall be entitled as a partner, sole proprietor or employee, less the federal, state and local income taxes for which the Husband is obligated on the same, less the amount contributed to the capital account of the Husband and which he shall not be entitled to physically receive." The agreement also stipulates that the unallocated alimony and child support payments were nonmodifiable by the plaintiff until August, 1982.

At the time of the dissolution, the defendant had just become a partner at Bear, Sterns and Company, a brokerage firm in New York. On his September 18, 1979 financial affidavit, the defendant disclosed a gross balance of $102,400 in his capital account with Bear, Sterns and Company. That amount represented the defendant's capital contribution to the partnership. When the defendant left Bear, Sterns and Company in April, 1984, his capital account had risen to between $3 and $4 million. He received slightly over $1 million in cash and the remaining $2 million was distributed to him in the form of United States treasury bonds. Although the defendant received the bonds in 1984, he was permitted under an arrangement with the Internal Revenue Service to defer the tax consequences of the 1984 distribution until he redeemed the bonds for

cash. The defendant redeemed $647,000 of the bonds for cash in 1989; at the time of the hearing on the plaintiff's motion for modification of alimony, he anticipated receiving $670,000 in 1990 and $683,000 in 1991 when he redeemed the remainder of the bonds.

In 1982, the plaintiff and the defendant entered into the first in a series of yearly agreements increasing the alimony payments to $48,000 a year, double the amount that the defendant was required to pay under the separation agreement. These yearly increases, which were not the subject of any court ordered modification, continued until the spring of 1989, when the defendant unilaterally chose to revert to the schedule of payments provided in the separation agreement.

The plaintiff moved to modify the alimony award on April 17, 1989. She claimed that the moneys received by the defendant from the treasury bonds were income and represented an uncontemplated substantial change in circumstances warranting a modification of alimony under General Statutes § 46b-86 (a). The defendant argued that the exchange of bonds for cash was merely an exchange of assets, and that any increase in the value of his capital account was received in 1984, when he withdrew his share of the capital assets of Bear, Sterns and Company, which he had acquired by virtue of his partnership interest in the company. On March 20, 1990, the trial court denied the plaintiff's motion, finding that she had failed to sustain her burden of proof. In an articulation dated April 24, 1990, the court further found that the plaintiff had failed to show an uncontemplated substantial change in circumstances because "by redeeming that amount of government bonds, the defendant was merely exchanging assets, money for the bonds, and his total value of his assets remained unchanged."

On appeal, the plaintiff argues that the trial court improperly determined that the defendant's redemption of the treasury bonds was not income but instead constituted an exchange of assets.[1] We disagree.

Under General Statutes § 46b-86 (a) as it existed at the time of the dissolution of the parties' marriage, the plaintiff, to obtain a court ordered modification of alimony, must show a substantial change in circumstances that "must not have been contemplated by the parties" at the time the decree was entered. *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); see also *Darak* v. *Darak,* 210 Conn. 462, 463, 556 A.2d 145 (1989). Although a dramatic increase in the income of one of the parties may constitute a substantial change in circumstances, an increase in the value of assets ordinarily will not. See *Hardisty* v. *Hardisty,* 183 Conn. 253, 256–57, 439 A.2d 307 (1981). Only in cases of fraud can a modification be based on an increase in the value of assets. See, e.g., *Theonnes* v. *Theonnes,* 181 Conn. 111, 114, 434 A.2d 343 (1980); *Casanova* v. *Casanova,* 166 Conn. 304, 305, 348 A.2d 668 (1974).

The defendant in this case declared his capital account as an asset on his 1979 financial affidavit. Therefore, if the capital account is an asset, the defendant's redemption of the treasury bonds, which he received as a distribution of his capital account, could not be a substantial change in circumstances and could not support a modification of alimony.

---

[1] The plaintiff also claims that the trial court improperly allowed the defendant to discontinue the yearly agreements increasing alimony payments without first finding a substantial change in circumstances. This claim is without merit, however, because the agreements, although written, were never incorporated into the court's judgment. "Decrees in a dissolution action cannot be modified by acts of the parties without further decree or order of the court." *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 151, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989).

It is clear in this case that the defendant's capital account was an asset. It represented not his partnership income but his interest in the company. As such, the defendant's redemption of the treasury bonds, which he received when he withdrew his share of the capital assets of Bear, Sterns and Company, was, as the defendant contends, merely an exchange of assets.

The judgment is affirmed.

In this opinion the other judges concurred.