This case comes to this court on a motion for modification of judgment dated December 31, 1991, on which a hearing CT Page 5518 was held. The parties appeared and testified and filed current financial affidavits as well as full exhibits.
The claims for relief in the motion ask for the following relief:
1. The court modify the judgment of January 3, 1989 as it relates to modifying the child support to comply with the Connecticut guidelines.
2. Extend the date of the sale of the family home and to modify the amounts to be received by the respective parties.
3. Order a date of sale on the real property in South Carolina.
4. Order plaintiff to provide evidence of life insurance.
This motion was amended as it related to claims for relief by an amended prayer for relief on April 22 wherein, in addition to the above, the following relief was sought:
1. Wage execution.
2. Court to order counsel fees.
This amendment was granted on April 24, 1992.
This court finds that at the time of the legal separation the parties entered into a very comprehensive separation agreement consisting of 27 papers. The agreement addresses in comprehensive and intelligent language issues such as the custody of the children, personal property, real property, alimony, child support, post-age-18 education, medical expenses and benefits, life insurance, legal counsel, taxes, debts of the parties, and standard, boilerplate paragraphs.
When looking at a post-judgment modification, it is always important and helpful to the court to take a look at what the parties originally agreed to. Among other things, they bargained for child support separate and apart from the alimony. They bargained for, and the court made an order of durational alimony for five years and eight months from that date. In reviewing the motion for modification it becomes apparent to this court that some of the orders sought to be modified are not modifiable under our law. The guidelines for child support took place and were enacted after the legal separation ordered in this marriage. The act took effect on July 1, 1989, and Section Two of the Act became effective October 1, 1989.
This court has heard the parties and taken into consideration all of the statutory criteria under the child support guidelines and CT Page 551946b-86, counsel fees under 46b-62, exhibits of the parties as on file, financial affidavits filed at the time of the legal separation, the separation agreement filed at the time of the legal separation and the parties' current financial affidavits. Further, the court has considered, in addition to the child support guidelines, the statutory criteria for deviation from the guidelines.
The wife's financial problems, to a great extent, are self-imposed. She has chosen to participate in her son's education beyond her legal responsibility. While this is laudable and in the best interests of the child, it is certainly a voluntary post-age-18 support that she has undertaken on a budget that, in this court's opinion, does not call for that kind of participation. The legislature made it clear that age 18 was the termination of child support. The law does not provide that either of the parties are legally obligated to support a child post-age-18 although it would seem to this court that that would be a proper goal of those people affected. If such a change were to take place, it should take place through the legislative process not through judicial intervention.
In addition, the wife has spent substantial monies maintaining the family home in Easton on items such as the furnace, the septic system, the floorings, the ovens, the yard, maintenance, toilets and the like. The improvements were done by Mrs. Berry voluntarily since all she had to do under the decree of legal separation was to maintain normal and routine expenses concerning the premises. Exhibit Two shows the wife has expended $25,000.00 on improvements to the house.
The court finds the wife's request to increase the child support from $116.00 per week to $900.00 per week until Cheryl reaches age 18 to be an unreasonable request for increase. The burden of proof on any motion is on the moving party to establish its burden by a fair preponderance of the evidence. The burden on the wife, in this case is to establish by a fair preponderance of the evidence that there has been, under 46b-86, a substantial change in circumstances of either party or a substantial deviation from the child support guidelines pursuant to 46b-215a. It is apparently undisputed that this is a case that is not covered under the guideline tables that only go up to $1,500 per week net Family Income. The wife would have this court follow the guidance set forth in he language of the guidelines dated January 1, 1991, that says:
 "When the combined family income exceeds the cap [this combined family income exceeds the cap which is $1,500.00 per week], the guidelines do not apply except that the orders should not be less than that which is applicable at the highest income level within the guidelines subject to the court's discretion."
CT Page 5520
The maximum amount under the guidelines is undisputed at being $216.00 per week for the support of the daughter. The husband is presently paying $116.00 per week. The court finds there is no reason to deviate from the guidelines and orders the child support to be increased from $116.00 per week to $216.00 per week, which amount is within the guidelines. (Note the $216.00 number is the wife's number as appears on pages one and two of her brief dated May 1, 1992.)
The court has reviewed the financial affidavits of the parties as on file. The primary emphasis of all of the parties was on the earnings. It appears clear that, at the time of the legal separation, the husband was earning $96,000.00 a year. This appeared on the footnote to his affidavit which indicates that for the year 1988 he made $96,000.00. The wife at that time was earning $56,680.00. The evidence produced at this hearing concerning the husband's payments, all as shown on the exhibit attached to plaintiff's brief, was that after the alimony and child support was paid, both of the parties had approximately the same amount pretax.
The husband's salary in 1992 is $94,000.00 per year which is a decrease of $2,000.00 from January 3, 1989. The wife's salary has increased to $64,199.00 which is a $7,519.00 increase in earnings from January 3, 1989. The same analysis of alimony and child support as shown on the exhibit attached to the brief shows that there is a $9,199.00 increase in the wife's favor since pretax she would have $82,199.00 and the husband would have $73,000.00.
The wife spent a great deal of time trying to show the disparity in the "net worth" of the parties. To a great extent, the parties agreed about very little concerning the assets. The premises owned at Three Weathervane Drive, Easton, which the wife occupies, she shows at a value of $320,000.00 while the husband shows the value at $400,000.00, which assists in explaining some of the disparity in the assets. The situation concerning the husband's inheritance and future inheritance was explained and indicated as a reason for the increase in the husband's assets.
The wife's claims for relief, as previously discussed, have included in them orders that the court perceives as nonmodifiable. For instance, the modification of the amount to be received by the respective parties from the sale of the Weathervane house, this court perceives to be lump sum alimony and not modifiable and, therefore, declines to change that division. The sale date of the family home and the sale of the real estate in South Carolina are both items that the moving party had the burden of proof on. The evidence submitted shows no reason that the court should intervene in either one of those areas since the original orders of the court seem to be fair and reasonable under all the circumstances CT Page 5521 and need no modification. The husband has indicated that he is using his best efforts to sell the South Carolina property.
 In Simmons v. Simmons, 25 Conn. App. 231, the court said: Although a dramatic increase in the income of one of the parties may constitute a substantial change in circumstance, the increase in the value of assets ordinarily will not. . . . Only in cases of fraud can a modification be based on an increase in the value of assets.
A request to order the plaintiff to provide evidence of life insurance is not appropriate under a motion for modification. That is better addressed through a motion for contempt. It is assumed that the husband will voluntarily, upon receipt of this decision, submit evidence of that insurance to avoid time-consuming and costly legal proceedings hereafter.
The wife has requested that a wage execution issue pursuant to46b-69a. The court is conversant with the statute and finds that, unless the wage execution is waived by the wife, such wage execution must issue. Since the wife has not waived it and, in fact, has requested it, a wage execution is ordered.
The wife also amended her claims for relief to provide for counsel fees. The court has listened to her claim and reviewed her affidavit of attorney's fees. The court finds that to be the agreement of the parties and made an order of the court in paragraph 10.3 of the separation agreement allowing for attorney's fees to be awarded where there is a breach of the agreement by any of the parties. The court finds no breach of the agreement but rather grounds for modification under the guidelines which were not in effect at the time. The court finds that under 46b-62 reasonable attorney's fees for the modification of the child support, as was granted herein, is $1,000.00. Accordingly, the court orders the husband to pay $1,000.00 within thirty (30) days of this decision.
All other requests in the motion for modification not expressly addressed by this court are denied.