[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were divorced on October 6, 1980, after 20 years of marriage. The two issue of this marriage are both over eighteen years of age. The plaintiff is a psychiatrist with two offices whose net income was $184,088 in 1991. The defendant, who has only a high school education, is currently employed part-time at Lux Bond Green Jewelers, where she had gross wages of $10,949 in 1991. On October 6, 1980 the trial court, Googel, J., granted unallocated alimony and child support of $24,000 per year to the defendant, which was reduced to $21,000 upon the last minor child turning eighteen. Both parties have filed motions for modification of alimony.
BURDEN OF PROOF:
Plaintiff argues that Darak v. Darak, 210 Conn. 462,556 A.2d 145 (1989), which held modification of dissolution judgments issued before Public Act 87-107 became effective require the moving party to prove a substantial change in circumstances which has arisen subsequent to the entry of the decree and which was not contemplated at the time of entry of the decree should be controlling. This court finds Darak is not controlling. Public Act 90-213 46 eliminates the "not contemplated at time of entry of decree" requirement for those dissolution judgments issued before Public Act 87-107
as well as those issued after.
PLAINTIFF'S MOTION: CT Page 6243
Plaintiff's motion states that since the entry of the judgment there has been a substantial change in circumstances which makes his alimony payments inequitable. In the plaintiff's memorandum in support of the motion to modify, plaintiff claims a change in circumstances due to: 1) the defendant selling a piece of property in Ireland that was to be held for defendant's brother's residence during the brother's lifetime; and 2) the plaintiff assuming custody of the minor child before he reached eighteen.
Regarding the sale of the house in Ireland it was stated in the original Memorandum of Decision that "although the deed to defendant does not contain any restrictions or reservations the plaintiff claims a constructive or resulting trust in the defendant's brother, Eamon Staunton, for a life use in said home." Memorandum of Decision, page 3. From the sale of the house, the defendant received only $36,830 on the sale of the property which the court finds is not enough money to be considered a substantial change of circumstances.
As for the plaintiff assuming custody of Mark while he was still a minor, that point is moot since Mark is now over eighteen and his custody no longer has any effect on the amount of money the defendant receives. If plaintiff brought this action while defendant was getting child support there may have been a significant; change in circumstances which could affect child support not alimony.
DEFENDANT'S MOTION:
Defendant's motion states that since the date of the judgment the plaintiff's financial circumstances have greatly improved while the defendant's circumstances have deteriorated. A dramatic increase in income may constitute a change in circumstances supporting a motion to modify. Simms v. Simms, 25 Conn. App. 231 (1991).
In examining the defendant's claim of a substantial change in circumstances, the court notes that the plaintiff's 1980 financial affidavit shows a gross income of $67,428. The original judgment states the plaintiff [had] a gross earning potential of over $95,000 in [1980]. Memorandum of Decision page 5. "The defendant, however, possesses no special occupational skill, which would enable her to obtain any employment with reasonable prospects of above average salary or wage compensation" Id. In this case the defendant's income is in line with the trial court's prediction but the plaintiff's gross income of $644,964 is CT Page 6244 much higher than the trial court's prediction of a potential gross income of over $95,000.
In the plaintiff's memorandum in support of the motion to modify it is noted that the defendant only works approximately 25 hours per week at Lux Bond Green. The defendant testified she has bad feet and protracted standing is difficult for her. While plaintiff argues she could get another job that does not involve standing, which would allow her to work full time, she has limited skills and education to offer a potential employer. Defendant testified she currently earns $10 an hour at her job, which is a high wage considering defendant's limitations.[1]
Therefore, the court finds this to meet the requirement of a substantial change in circumstances.
MODIFICATION OF ALIMONY:
"The trial court on a motion for modification of alimony can reevaluate any unmet and continuing need in terms of payee spouse's present needs, using same criteria as required for initial order." LaBow v. LaBow, 13 Conn. App. 330,537 A.2d 157 (1988). In reviewing the financial documentation, the plaintiff's gross income in the years 1989, 1990 and 1991 was respectively $861,432, $762,360 and $644,964, while his net for those years was $149,119, $182,102 and $184,088. By comparing the 1980 net income of $49,560[2] reported on plaintiff's financial affidavit with the 1991 net income reported of $184,088 in plaintiff's 1991 federal income tax return, the court notes an increase in net income of $134,528. The plaintiff has bought land in Bozrah which has declined in value, and has other mortgaged properties, but he can instantly eliminate this debt by selling some of these properties. The court also notes that the plaintiff neglected to value Richard Fahy Associates when he listed his assets.
The defendant meanwhile has a net income of $32,549, including alimony, which has little potential for increase.
CONCLUSION:
Plaintiff's motion for a modification of alimony is denied. Defendant's motion for an increase in alimony is granted. Alimony will be increased by $184.62 per week.
Norko, J.