[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO MODIFY AND/OR TERMINATE ALIMONY (#153)
The plaintiff and the defendant intermarried on July 18, 1946 and their marriage terminated by a dissolution entered on September 7, 1982 (Wall, S.T.R.) after a trial. Rather than quote at length from the memorandum of Decision, it is incorporated herein by being annexed as Appendix A. It is noted that the defendant's claim to an interest in Indian Village, Inc. was denied. The court did not consider the eleven (11) lots left the corporation's subdivision as a future source of income for either party. The court ordered the defendant to pay $90 weekly periodic alimony to the plaintiff. It is this order that the defendant now seeks to modify or terminate.
Contrary to the court's finding that the lots had a dubious value, in 1986 the plaintiff sold Lot #16, (Defendant's Exhibit #1), Lot #21 (Defendant's Exhibit #2), and Lot #31 (Defendant's Exhibit #3) realizing a net gain of $85,787 (Defendant's Exhibit #5, U.S. Individual Income Tax Return 1986, Schedule D, line 17) after deducting a "cost or other basics" of $17,000. (Id., line 9a).
On June 15, 1987, the corporation deeded Lot #20 to the plaintiff and her sister as tenants in common for no consideration (Defendant's Exhibit #4). The plaintiff then built a house on the lot using $48,000 of the proceeds from the Lot #31 sale to do so. From said lot sale the plaintiff gave $10,000 each to the parties' two children.
The plaintiff and her sister mortgaged Lot #20 for $98,000 on which each pays $563 monthly.
The plaintiff testified that the corporation is now dissolved since the eleven (11) lots are all gone. Lot #15 was given to the parties' daughter, Debbie.
The plaintiff's financial affidavit dated August 27, 1982 lists gross weekly wages of $322.17 and net wages of $198.27 after taxes, retirement, life insurance, union dues and $36.50 to a CT Page 11408 credit union as an auto payment. The plaintiff's current affidavit lists net income of $316.12 from a state of Connecticut pension, social security and an annuity. The latter lists the Rhode Island house discussed supra valued at $140,000 with 50% of the net equity worth $23,116.50, a 1990 Acura Legend valued at $16,350 with a net equity of $9,857.20 after deducting a loan, and $4,313 in various bank accounts.
The defendant is also now retired from the state of Connecticut, receives gross income of $505 weekly and $343.46 net after taxes. He owns a 1986 Lincoln he values at $5,000 and has $7,400 on deposit in various bank accounts. He owns no real estate.
The court finds that the unexpected increase in value of the subdivision lots created a substantial change in the plaintiff's financial circumstances post dissolution.
All assets of the parties are to be considered when evaluating a modification of alimony claim. Bartlett v. Bartlett,220 Conn. 372, 383 states:
 ". . . a substantial increase in wealth of any sort may form an appropriate ground for a motion to modify alimony."
The plaintiff's brief cites Berry v. Berry, 7 CSCR 832, July 20, 1992 for a quote from Simms v. Simms, 25 Conn. App. 231, which was decided before Bartlett, for the proposition that an increase in the value of assets will not constitute a substantial change in circumstances, referring to Hardisty v. Hardisty, 183 Conn. 253,256-57.
Hardisty states, at p. 258-59:
 "Once a trial court determines that there, has been a substantial change in the financial circumstances of one of the parties, the same criteria that determines an initial award of alimony and support are relevant to the question of modification" (citations omitted)
The trial court hearing the Hartisty modification found that the payor's cross income had increased 2.5 times and his assets were 5 times as valuable since the original orders were entered, Id. p. CT Page 11409 257. The "financial circumstances" embrace both income and asset values.
Both Hardisty and Bartlett cite Cummock v. Cummock, 180 Conn. 218,221-22:
 "The same criteria that determine an initial award of alimony are relevant to the question of modification and these require the court to consider, without limitation, the needs and financial resources of each of the parties, as well as such factors as health, age and station in life. General Statutes 46b-88
(formerly 46-52)."
Both parties are 68 years old. Both are retirees from State of Connecticut employment. The plaintiff testified that her eye needs an operation but no gross ill health was claimed by either party.
The court has taken into consideration all of the statutory criteria and finds that the defendant has proven that he is entitled to have the periodic alimony reduced to $1.00 per year. The parties have retroactive agreement which will establish the order's effective date.
So ordered.
HARRIGAN, J.
APPENDIX A
NO. 060084
MARGUERITE RINALDI : SUPERIOR COURT
V. : JUDICIAL DISTRICT OF WATERBURY
DOMENIC RINALDI : September 7, 1982
MEMORANDUM OF DECISION
Most of the hearing was devoted to the interest of the plaintiff and defendant in Indian Village Inc., a subdivision in Rhode Island controlled by the plaintiff (4,750 shares). The CT Page 11410 sister of the plaintiff owns all of the other outstanding shares (250). The corporation in the past would sell lots and deliver the proceeds to the plaintiff who would divided the same between the husband of the plaintiff's sister and the defendant. The corporation showed a loss during 1978, 1979, and 1980 and profit in 1981 of $6,580.00. The corporation now owns 11 lots left in the subdivision. some would require work before they would be salable. The defendant is claiming a 25% interest in a corporation that has a dubious value as the value of the lots, according to one appraisal, is less than the debts of the corporation. The brother-in-law and sister of the plaintiff are not parties to this action to appear judgment proof to his creditors.
It seems best that between these litigants the Rhode Island corporation should not be considered in determining the opportunity of each for sources of income. In addition to wages earned, the defendant has an interest in his mother's estate. This is a definite source of income to him by acquiring capital assets. The plaintiff should receive some recompense for the obligations to her for bills paid on his behalf and contributions to his construction jobs and unprofitable investments. One of the latter involved a legacy from her mother.
After considering the statutory criteria in General Statutes46b-40, 66, 81 and 82, the following orders are issued to be incorporated in the judgment file to be drawn by the attorney for the plaintiff:
1. A finding of irretrievable breakdown.
2. A dissolution of the marriage.
3. A lump sum award of $5,000.00.
4. Periodic alimony of $90 weekly.
5. Counsel fees to the plaintiff in the sum of $750 payable within 90 days.
6. Judgment to enter for the plaintiff to recover of the defendant $270 past due alimony pendente lite.
 /s/ Robert A. Wall ROBERT A. WALL STATE TRIAL REFEREE
CT Page 11411