[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF CHILD SUPPORT (#139)
The parties' marriage was dissolved on April 29, 1991, after an eleven year marriage. They have one child, Jonathan, who is currently eleven (11) years of age. The parties entered into an agreement, which was the judgment of the court, wherein they shared joint CT Page 3258 legal and physical custody of the minor child. They continue to follow that agreement to this time. They further agreed that the defendant father would pay the sum of Four Hundred ($400.00) Dollars per week as child support. The defendant father agreed to purchase clothing and pay all sport's equipment cost and fees. The plaintiff retained the right to claim the minor child as a dependent for income tax purposes.
The agreement of the parties, and resulting court order were not controlled by the Uniform Support Guidelines, because the defendant's income far exceeded the guidelines. The defendant retained all of his businesses, and purchased a new home for the plaintiff to share with the minor child, which home was not encumbered by a mortgage. The plaintiff is required to maintain the home, and received no periodic alimony, despite the disparity in income.
Since the time of the decree, the defendant has remarried and has a new child. He testified that his business has suffered reverses, and that at his accountant's suggestion, he stopped taking a salary from his company, an asbestos abatement company, in June of 1993. He unilaterally reduced the payment of child support to One Hundred ($100.00) Dollars per week on July 23, 1993.
The company, Reed and Greenwood, has been operating since 1957, and was formed by the defendant's father. The company commenced operations as mechanical installation contractors and converted to asbestos abatement in 1984. The company had a large contract with an insurance company from 1986-1992, which produced large revenues for the company. The defendant has claimed that the business is not currently doing well. He did not claim that he had no employees, but rather that his income had to be reduced to keep the business viable.
In cross-examination he agreed that a bank had loaned substantial sums to him and his father, and that their ESOP/Profit Sharing Plan had increased in value from $146,000.00 to $207,000.00. He also admitted that he had income from the sale of stock in SEC, Inc. in CT Page 3259 the amount of One Hundred Fifty Thousand ($150,000.00) Dollars contemporaneously with his remarriage in May of 1993.
The plaintiff introduced his checkbook register for the years 1991-1993, inclusive, as plaintiff's exhibits 1-3. His expenditures in 1991 were approximately $170,000.00, in 1992, $161,000.00, and in 1993 until November, $225,000.00. In 1993, he testified that he repaid a substantial IRS obligation. Clearly, the evidence suggests that his lifestyle was not compromised by the temporary slowdown in his business, and that he was able to continue to acquire assets and borrow from commercial lenders.
The court finds that the defendant has failed to prove a substantial change in circumstances. The court finds that the defendant's earning capacity has not changed since April 29, 1991. Furthermore, he has had the ability, and has made the decision to maintain the lifestyle he enjoyed at the time of the dissolution of his marriage. He made a committment to support his son a certain level, at the same time that the parties agreed that it was in their child's best interest to share time with each of them. His unilateral decision modify the order of the court, which had been predicated on his own agreement with the plaintiff, cannot be disregarded on such a feeble showing.
Counsel for the defendant cites the case of Simms v. Simms, 25 Conn. App. 231 (1991) for the proposition that the sale of assets should not be factored as income in a motion to modify. This court would agree generally with the reasoning in Simms, supra, but does not feel that it is dispositive of the issues presented to this court. This court has refused to find a substantial change in circumstances. The defendant controls his own salary, and made a business decision that he can reverse as quickly as he made the decision to stop paying himself a salary. The decision was made shortly after his remarriage and approximately four (4) months prior to the birth of his second child. His first child should not be expected to be compromised by a business decision. His first child is entitled to be supported in his mother's home in a way that is not CT Page 3260 disparate from that of his father's home. The defendant continues to have the ability to earn at a level which would yeild [yield] that level of support for his first child.
The evidence as to his current and projected income is not credible. The plaintiff, while earning more today, is not earning substantially more, so that the combination of factors still does not approach the threshold of a substantial change in circumstances. The plaintiff was less than forthcoming with her documentary evidence. The defendant's unilateral reduction of child support may have led to a lack of trust, but ultimately, her income is what it is. Room and board from a temporary live-in companion did not alter her permanent situation. The defendant has the capacity to earn vastly more, and has substantially more assets now, as he did at the time of the dissolution of the marriage.
The defendant's attempt to paint himself as impoverished to the extent that he tried to justify his unilateral reduction of child support to One Hundred ($100.00) Dollars per week is simply not credible, when the evidence is clear that he has made no alteration in lifestyle, including retaining his cleaning person. The original agreement of the parties should not have been disregarded. Perhaps the defendant was not clear that he was unilaterally changing not only his own contract with his former spouse, but the order of the Superior Court.
The defendant's motion to modify is denied. The Plaintiff's motion for contempt is granted, with the order that the defendant pay the arrearage of Three Hundred ($300.00) Dollars per week since July 23, 1993 to date within thirty (30) days. The original order to child support in the amount of Four Hundred ($400.00) Dollars shall be paid during any appeal of this decision.
DRANGINIS, J. CT Page 3261