[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION (#119)
Before the court is the defendant's motion for modification of his alimony obligation to the plaintiff, his former wife. The basis for the request for modification is the claimed substantial change in the parties' financial circumstances.
The marriage of the parties was dissolved by the court (Karazin, J.) by memorandum of decision dated August 26, 1993. At the time of the dissolution, the court found that the defendant had been employed by the Chemical Bank for nearly thirty years. He was a vice-president in its fiduciary services department. His 1993 gross earned income was $123,000, and in the prior five years had consistently exceeded $110,000.
On the other hand, the plaintiff was found to have a limited work history. She did not begin working full time until 1985. That year, she earned $13,000. Her peak earnings were $23,500 in 1989. She worked again in 1992[1], when she got a part time clerical job for $150.00 weekly, and then another job in late 1992. Her 1992 gross earnings were less than $7,000. In 1993, the plaintiff worked for a mortgage lender and then as a hotel front desk clerk for $7.50 per hour.
In its orders, the court awarded the plaintiff alimony in the sum of $38,000 annually ($3,166.67 per month) until the plaintiff's death, remarriage, or cohabitation. The court also noted that once the defendant retires, his earnings might be reduced and the court would consider that to be a substantial change in circumstances. Further, the court sheltered the defendant's future earnings to $150,000 and the plaintiff's to CT Page 5792 $25,000 so that such earnings would not be a basis for a substantial change in circumstances.
This court finds the following additional facts as the result of hearings on the defendant's motion for modification on May 20 and May 29, 1996. Following the dissolution, the defendant continued his employment at Chemical Bank until he was terminated in July, 1995. The termination was involuntary on the defendant's part and it occurred because his position had been previously eliminated and he was then over salaried. The defendant made reasonable, bona fide efforts to find other employment. He was offered at least two positions with other lending institutions, one on a commission only basis and the other salaried at one third of his previous pay. The defendant is now 58, and there is likely no new position for him at or near his former salary.
However, at the time of his termination by Chemical Bank, the defendant did receive a substantial severance package based upon his lengthy employment. The defendant received in one lump sum $184,000 gross, $114,000 net. As determined by Chemical, this amount represents 150% of the defendant's base salary, or salary for one and one-half years. The defendant also received lump sum vacation pay of nearly $4,000 net.
The defendant then found employment with Contemporary Personnel, as a temporary consultant with Chase Bank. He was employed in this position in late January, 1996. The position contemplates 28 hours of work weekly at $45 per hour. The defendant's affidavit and pay stub showed that he has an average weekly gross of nearly $1,200, net $972. The job has no "perks" as before, such as paid vacation. The defendant continues to look for more permanent work.
The plaintiff has also had employment setbacks. She was laid off from her job as a hotel desk clerk in 1995. She was not able to find other work. The plaintiff has previously accumulated some course credits toward a college degree, and when she became unemployed she decided to return to school full time to finish her degree. To date, she is finishing her degree and performing volunteer work.
A significant, and perhaps dispositive, issue for the court to decide is what impact, if any, the defendant's receipt of severance monies has on his present financial circumstances. The parties made different arguments concerning those monies. The CT Page 5793 plaintiff argues that the severance allowance is, essentially, the prepayment of a future income stream, in this case, the prepayment of one and one-half year's salary. The plaintiff urges that the severance money is a substitute income stream which runs from July, 1995 to December, 1996. She contends, therefore, that there has not yet been a substantial change in the defendant's financial circumstances, and that his motion for modification is premature through that time. The defendant argues otherwise, contending that the severance money represents a liquidation of an existing asset — the defendant's past earning capacity. He urges that to hold otherwise will twice penalize the defendant for possessing that capacity, once at the time of dissolution, and again now.
This court believes that the defendant's receipt of the lump sum severance payment was, essentially, the prepayment of a future income stream. There would be little question that, had the defendant received the severance pay in other than lump sum fashion — i.e., weekly or monthly — it would still constitute income which the court could take into consideration in deciding a motion to modify. At least two superior courts have done that. See, Parin v. Parin, Superior Court for the Judicial District of Stamford/Norwalk (Harrigan, J.), FA83 0067430 (January 25, 1995);Gauthier v. Gauthier, Superior Court for the Judicial District of Fairfield (Petroni, J.), FA87 0237501 (May 12, 1995). So, too, may the court consider the exhaustion of severance pay as grounds for modifying alimony. See, Tucci v. Tucci, Superior Court for the Judicial District of Stamford (Novack, J.) FA93 0135790 (August 14, 1995); Dotti v. Dotti, Superior Court for the Judicial District of Stamford/Norwalk (Copetto, J.) FA87 0091538S (August 27, 1991). This court sees no reason to depart from this rationale simply because the defendant received the severance pay as a lump sum.
Assuming, arguendo, that the severance pay represented an asset of the defendant, the court would reach the same result. This is not a situation which involves the simple exchange or liquidation of one asset for another. See, Simms v. Simms,25 Conn. App. 231 (1991). Even though the defendant's employment termination represents a substantial change of circumstances, "the same criteria that determine an initial award of alimony . . . are relevant to the question of modification." (Citations omitted). Hardisty v. Hardisty, 183 Conn. 253, 259
(1981). These criteria, set forth in C.G.S. § 46b-82, include an examination of the parties' assets. Pascal v. Pascal, 2 Conn. App. 472, CT Page 5794 481 (1984). In addition to the severance pay, the evidence was that the defendant's asset picture was substantially better now than at the time of dissolution. While there was evidence that the defendant had depleted a portion of the severance pay to pay certain voluntary obligations, this does not automatically give rise to a modification of this alimony obligation. Gould v. Gould, 1 Conn. App. 224, 226 (1984); see also, Cariseo v. Cariseo, 190 Conn. 141, 143 (1983).
For the foregoing reasons the defendant's motion is denied.
JOHN F. KAVANEWSKY, JR., JUDGE