[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 25, 1997
When the parties were divorced in 1983, the court ordered the plaintiff to pay the defendant $225 weekly as periodic alimony, effective October 1, 1983, upon a finding that the plaintiff's net weekly income would be $545 as of that date. The plaintiff has moved to modify that amount because of a substantial change in his income or to terminate alimony altogether. In 1995 he retired from Aetna, it appears involuntarily. His pension totals $2070 monthly or $481 gross weekly. His financial situation, however, is worse than it might appear, although his difficulties are self-imposed. Half of his pension is being paid to his second wife by virtue of an agreement the plaintiff made with her on March 5 of this year, one week before this motion to modify was filed. This agreement became part of the judgment terminating that marriage on May 19, 1997. Of the remaining $1035 the defendant herein is receiving $975 directly from Aetna, representing the monthly equivalent of her weekly alimony award, by virtue of an order of this court (Barall, J.), entered because the plaintiff ceased making alimony payments altogether for a period of two years, from 1995 to 1997.
Therefore, while the plaintiff has experienced a substantial change of circumstances in the reduction of his weekly income from what it was in 1983, his situation is not unlike that of others who voluntarily impoverish themselves and then seek relief from their court-ordered obligations. Cf. Wanatowicz v. Wanatowicz,12 Conn. App. 616, 620 (1987); Gleason v. Gleason, 16 Conn. App. 134, 137-38
(1988).
Moreover, even if I were to find that he has crossed the substantial change threshold, I would then have to consider, "without limitation", all the factors in Sec. 46b-82, C.G.S., in deciding whether to modify his alimony obligation. Hardisty v.Hardisty, 183 Conn. 253, 259 (1981).
Considering all those factors, a modification is not called for. While the plaintiff has been unemployed since 1995, there was no evidence that he is unemployable other than his testimony that he has tried to find work without success. His claims of health problems were unsubstantiated by any medical testimony. On the other hand, the defendant offered, without objection, several CT Page 6674 medical reports attesting to a plethora of ailments that appear to render her unemployable. Her only income, without her alimony payments, is $69 weekly in Social Security disability payments.
Furthermore, the plaintiff has a very valuable asset acquired since the marriage, an IRA with a value of $126,000, while the defendant has no asset approaching that amount. I am aware of the Appellate Court's decision in Simms v. Simms, 25 Conn. App. 231,234 (1991), holding that "ordinarily" an increase in the value of assets will not serve as a substantial change of circumstances justifying a modification. Here, however, the plaintiff's asset is not one he declared at the time of the divorce, the value of which has increased; it is one acquired since that time, and I believe that fact distinguishes this case from Simms. In addition, the holding in Simms does not seem to be supported by the one case cited as authority for it, Hardisty v. Hardisty, supra, in which the Supreme Court specifically noted the increase in the assets of the defendant therein in upholding the trial court's increase in alimony. 183 Conn. at 257.
The plaintiff testified that he intends to cash in the IRA in its entirety in August of this year, when he can do so without a penalty (presumably because he will be 59 1/2 years old). He offered hearsay testimony as to his potential tax liability, which was not objected to but which I do not consider reliable since it failed to address fully all tax consequences, such as the availability of income averaging to reduce the plaintiff's overall liability in any one year. He also plans to pay off a large loan from his brother. While praiseworthy, this voluntary assumption of responsibility does not relieve him of his court-ordered obligation to support the defendant, who is in need of his continuing support. See Berry v. Berry, 6 C.S.C.R. 832, 6 CONN. L. RPTR. 898 (Judicial District of Fairfield, 1992). For all these reasons I conclude that the IRA is available to the plaintiff to meet his continuing duty to support the defendant.
After trial, the judge who dissolved the parties' marriage concluded that lifetime alimony was called for, and I have heard nothing that would justify my terminating the plaintiff's obligation. Nor do I believe that the plaintiff has met his burden of proving that, considering all the factors of Sec. 46b-82, C.G.S., a modification is called for. Accordingly, his motion denied. CT Page 6675
SHORTALL, J.