[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO MODIFY ALIMONY, POST JUDGMENT (#114)
The parties' marriage was dissolved by decree rendered October 15, 1997 at which time a written agreement was approved and ordered incorporated into the judgment by reference. By order served pursuant to § 52-50 the defendant has complied with § 46b-86(a) allowing the court to consider entering a retroactive order back to the date of service made on September 7, 1999, Shedrick v. Shedrick, 32 Conn. App. 147 (1993). The defendant seeks to modify or terminate his alimony obligation to the plaintiff which in the agreement is $7,000 monthly with an additional percentage due from bonus.
The court finds the following facts. On October 15, 1997 the defendant was President and CEO of DeVlieg, Bullard, Inc. earning a base gross monthly salary of $21,148 and a bonus averaged to $10,576.25 monthly. On January 1, 1999 his employment was terminated. A severance agreement was made by the defendant and his erstwhile employer on May 18, 1999, (Defendant's Exhibit #3) wherein his base salary of $252,000 was to be paid through December 31, 2000. The company also agreed to assign a certain employee life insurance policy in the face amount of $500,000 to the defendant and to keep it in force through the year 2000. There is a "split dollar agreement" involving two additional life policies (Defendant's Exhibit #4) which have cash values of $56,284.34 and $197,947.92 respectively. There are additional provisions which are not detailed. In July, 1999 the corporation filed a Chapter XI bankruptcy petition. All payments to plaintiff pursuant to the severance agreement stopped, and the defendant CT Page 1114 has received no money since. He has recently filed a proof of claim in the bankruptcy proceeding and it is pending. The defendant's financial circumstances have changed substantially since the entry of the current orders. The defendant's motion must now be examined on the basis of the § 46b-82 criteria,Crowley v. Crowley, 46 Conn. App. 87, 92 (1997).
The plaintiff argues that it is premature to enter a modification since the severance agreement may be funded and the defendant's proof of claim may be allowed in full or in part. The plaintiff's assets have increased in value but that is not ordinarily a basis for an alimony modification, Simms v. Simms,25 Conn. App. 231, 234 (1991).
The parties both have significant health problems. The plaintiff is employed full time. The defendant is ready, willing and able to work, currently working on commission for Excel Communications.
The court finds that the defendant is entitled to relief from his obligation that has accrued since mid-July when his income streams stopped. However, since the bankruptcy is unresolved, it is premature to enter a permanent order. Therefore, it is ordered that the obligation to pay the monthly alimony is suspended as of September 7, 1999 and shall remain suspended until future court order. The court finds it premature to modify the current order as to alimony or as to the insurance obligation. As to the period from mid-July until September 7, no order of payment is entered at this time and that item is suspended until further court order.
HARRIGAN, J.