MEMORANDUM OF DECISION
The respondent father married the mother, Martha Eidson, in Independence, Missouri in 1966. They had one child issue of the marriage, Darin. They divorced in 1978 in Missouri and the mother was awarded custody of Darin with a support order entered against Father.
The subject child of the present matter, Keann Finn Eidson, was born in Missouri on March 1, 1981 some three years after the divorce. Keann has extraordinary medical needs as he suffers from cerebral palsy and is quadriplegic. In a separate action brought to the Circuit Court for Jackson County, Missouri, the mother instituted a paternity action on behalf of Keann as his next friend, and in her own right, against her former husband, the present respondent claiming that he is Keann's father. That action resulted in a paternity judgment dated February 21, 1989 holding James Eidson to be Keann's father. The mother was awarded primary custody, visitation rights were awarded to the respondent, and a support order for Keann was established in the initial amount of $200.00 per month. The court also established an arrearage of $25,000.00 payable to the mother for "past necessaries".
In April 1997, the mother filed an amended motion to modify with the Missouri court seeking an upward modification of the support order. A contempt proceeding was also initiated against the respondent which ultimately led to his being found in contempt briefly incarcerated, and eventually released pending further determination. These matters took the balance of that year to determine. Finally on December 10, 1997 the court granted a modification increasing the support order to $1,370.00 per month[1] and finding an arrearage. CT Page 3505
Both mother and father appealed ("first appeal"). The Missouri Court of Appeals denied the father's cross appeal but granted the mother's appeal and remanded for the trail court to address the "necessary physical and medical needs" of Keann. The appeals court found that the trial court had correctly identified nine extraordinary needs items.[2] However, the trial court "did not address in its order the immediate physical and medical needs of the parties' son found by the court to exist. The court's judgment did not consider whether and how these nine immediate and necessary physical and medical needs of the child are to be met. The court's determination of the award seems not to have considered the necessary physical and medical needs in its Form 14 compilation." Websterv. Eidson, 7 S.W.3rd 495, 500 (Mo.App.W.D. 1999). The matter was remanded back to the circuit court to address these issues.
On remand, the circuit court issued a modification dated August 28, 2000, increasing the support order to $3,014.00 per month retroactive to May 1, 1997. The court found that although Keann had turned eighteen on March 1, 1999 he continues to attend school full-time on an Individualized Education Plan. The court held that "[u]nder the provisions of Section 452.340(5) [of the Revised Statutes of Missouri] . . . Keann Eidson is not emancipated and he continues to remain eligible for child support from Defendant James Eidson based on his physical disability, limitations and his attendance in a secondary school program of instruction that addresses his special needs." Furthermore, the court entered a money judgment of $141,750 for one-time immediate and necessary expenses, plus a retroactive award of $65,760 for extraordinary medical expenses. Additionally the respondent owed over $40,000 in arrearages under the prior orders. The respondent father has appealed this judgment which is again pending before the Missouri Court of Appeals ("second appeal").
Meanwhile in December 1998 we received a request for registration of the 1997 Missouri circuit court order. On January 27, 1999, the courtLangley, F.S.M. determined that Keann had reached the age of majority and thus did not order current support registered an arrearage of $50,809.99 and ordered payment of $25.00 per week on the arrearage. Apparently the court was informed that the first appeal was pending in Missouri. No less than six continuances then ensued. Eventually, on September 30, 1999 Family Support Magistrate Langley confirmed the registration and set a temporary order of $70.00 per month on the arrearage.
In November 2000, we received a "subsequent action transmittal" and registration statement seeking amendment of the prior registration to incorporate the August 2000 modification (the remand decision). This filing claims a total arrearage of some $315,296.99 and enforcement of the modified support order of $3,014.00 per month. Father objects to the CT Page 3506 registration. This is the matter presently before this court. This matter has also been continued several times, purportedly for the outcome of the second appeal and to hear the defendant's pro se motion to modify. However, there is no motion to modify in the court file.[3] The State and the petitioner seek a decision on the objection to the registration.
 I
The respondent requests that these proceedings be continued or stayed until resolution of the appeal in Missouri. This court is not required to delay registration of the order or enforcement of it to await the outcome of the second appeal. In fact it is arguable whether the court even has discretion to wait in the absence of a stay by the Missouri trial court. General Statutes § 46b-213m (a)(4) provides, in part: "A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses . . . the issuing tribunal has stayed the order pending appeal. . . ."). General Statutes § 46b-213m
(c) states: "If the contesting party does not establish a defense under subsection (a) of this section to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order." (Emphasis added). Thus unless a stay has been issued by the Missouri court the order must be registered.
The respondent has verified that he appealed the remand order. He even submitted a copy of his Missouri attorney's appellate brief. However, he did not offer any proof establishing that Missouri stayed the remand order pending the results of the appeal. The initiating tribunal, which has the duty to disclose all relevant orders, has not notified this court that there is a stay. In fact they have pressed for enforcement of the order. The respondent has failed to sustain his burden of proving that Missouri stayed the remand order while on appeal. Thus, the filing the second appeal is not a defense nor cause to delay registration and enforcement of the Missouri support order.
The validity and enforceability of the judgment once the amendment to the previous registration is confirmed, is covered by provisions of the UIFSA statute. "Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." General Statutes § 46b-213n. Moreover, once the order is confirmed, its terms and arrearages are validated and should be enforced.[4] Furthermore, this treatment is not inconsistent with the public policy of this State. Our courts have held that "a child support order must be obeyed even if it is thereafter modified or even overturned on appeal. Mulholland v. Mulholland, 31 Conn. App. 214, 224. CT Page 3507624 A.2d 379 (1993) aff'd., 229 Conn. 643, 643 A.2d 246 (1994)." Hornatv. Mercure, 16 S.M.D. ___ (2002).
 II
Although the respondent did not clearly articulate his substantive objections to the registration, he apparently objects to the arrearage determination, the provision of post-majority support for Keann and the amount of support ordered. UIFSA provides scant basis for the respondent to contest these issues in this forum. "The law of the issuing state
governs the nature, extent amount and duration of the current payments and other obligations of support and the payment of arrearages under the order." General Statutes § 46b-213j (a) (emphasis added).
The law clearly provides that the duration of a registered support order is determined by the law of the issuing state, in this case, Missouri. At the hearing before this court the Assistant Attorney General argued that the Missouri court found "that the child, because of its — — its condition, can't be emancipated." Transcript December 3, 2001, 7. Thus the State argues that the support order continues indefinitely. In fact Missouri law contains a provision through which the court could seemingly "unemancipate" Keann indefinitely. Revised Statutes of Missouri § 452.340-4 provides: "If a child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.
However, the circuit court did not invoke that provision in the remand order. The remand decision specifically cited Revised Statutes of Missouri § 452.340-5 when it found that Keann was not emancipated and that he was eligible to continue receiving child support. A review of that statute clearly indicates that this "unemancipation" was not indefinite — if certain conditions are met including continued enrollment in school, then Keann can continue to receive child support until he turns 22 years old.[5] Thus the duration of the support order is Keann's achieving age twenty-two unless he completes his education prior to that date.
It is true that generally speaking, a Connecticut support order terminates when the child attains the age of majority, which, in this state, is eighteen. General Statutes § 1-1d; Cariseo v. Cariseo,190 Conn. 141, 142, 459 A.2d 523 (1983); Kennedy v. Kennedy, 177 Conn. 47,52, 411 A.2d 25 (1979); Sillman v. Sillman, 168 Conn. 144, 358 A.2d 150
(1975)." It must be recognized that the preclusion of post-majority support is statutory, not constitutional. Our legislature has carved out exceptions whereby post-majority support is allowed or even mandated. CT Page 3508
For example, parents may provide for support of a child beyond the age of eighteen by written agreement which is enforceable by the court notwithstanding that such child is an adult. General Statutes §46b-66.[6] Child support orders pursuant to dissolution of marriage, legal separation or annulment after July 1, 1994 are extended by statute to age nineteen or completion of high school. General Statutes § 46b-84
(b)[7]. Support for a child who is disabled or mentally retarded may extend to age twenty-one. General Statutes § 46b-84 (c)[8]. Thus recognition of a foreign order with a duration that extends beyond the Connecticut age of majority is not violative of the public policy of this state since it is mandated by statute. Our Family Support Magistrate Division as well as our Superior Court has recognized the validity of postmajority support orders pursuant to UIFSA registration. Murphy v.Murphy, 22 Conn.L.Rptr. 71, 1998 Ct. Sup. 6080 (May 11, 1998, Tierney,J); Powell v. Powell, 1996 Ct. Sup. 4355, Superior Court Judicial District of Hartford, doc. no. IN95-0710899 (May 10, 1996, MeWeeny, J.); Grabkav. Grabka, 14 S.M.D. ___ (2000); Gagnon v. Gagnon, 13 S.M.D. 30 (1999).
 III
The next issue is the validity of the petitioner's arrearage claim. The registration statement claims an arrearage of $315,296.99 as of December 2000. This total arrearage actually consists of several components.
The remand judgment includes a money judgment of $141,750.00 "for the immediate one-time special medical needs of Keean Eidson." Although the language of the order sounds much like a money judgment in a civil action, it was entered as part of the paternity action. Pursuant to General Statutes § 46b-212a (22), "[s]upport order' means a judgment decree or order . . . for the benefit of a child.., which provides for monetary support health care, arrearages or reimbursement. . . ." This definition of "support order" in UIFSA supports the conclusion that this judgment is monetary support for the benefit of Keann as it expressly provides for a one-time award for his special medical needs.
Similarly, the judgment for $65,760.00 "retroactive award for the ongoing monthly special medical needs of Keean Eidson" falls within the definition of "support order" contained in General Statutes §46b-212a (22). This sum is monetary support for the benefit of Keann for his extraordinary monthly medical needs and expenses retroactive for the period of time between the filing of the motion to modify and the date the court issued its remand order. Accordingly, both awards are includable in the registered child support arrearage and are enforceable by this court.[9]
CT Page 3509
The third component of the arrearage is the previously found arrears for past support. The court Langley, F.S.M., found an arrearage of $51,089.99 as of September 27, 1999. This figure would, of course, be subject to credit for any payments actually made by the respondent subsequent to that date.[10] The last component is calculated from the periodic current support order since that finding. Based on the modified order of $3,014.00 per month for 29 months since that finding, another $87,406.00 must be charged to the account.
However, two adjustments must be made to obtain an accurate arrearage figure. The second element the retroactive award for ongoing medical needs, charged the respondent retroactively from the date of the Missouri remand judgment which was August 28, 2000. Since that amount is also included in the retroactive charge of the current order, there would be effectively a double charge from October 1999 through August 2000. Thus 11 months of $1,644.00 or a total of $18,084.00 must be subtracted from the above charges. The other adjustment is for any payments made subsequent to the September 27, 1999 finding by the court. That adjustment can be made by the support enforcement division with notice provided to all parties. The respondent shall file any evidence of proof of payments not already credited, to the support enforcement division at Putnam within twenty days of this decision. Any such payments that are agreed by all parties can be credited. As to any disputed payments, the support enforcement division can reclaim the matter to the court's docket limited to the sole issue of credits against the arrearage. The petitioner can be invited to participate in the hearing by telephonic means. The hearing shall be held within sixty days. Subject to that adjustment the court finds the arrearage to the petitioners to be $327,921.99 as of February 28, 2002. If the parties take no action, the finding becomes final sixty days from the date of this decision.
It was reported at the hearing that Family Support Magistrate Langley had previously entered an arrearage payment order of $25.00 per week. That order was set on January 27, 1999. However, on September 30, 1999, Family Support Magistrate Langley modified that order to $70.00 per month. Although this was designated a temporary order, the original order of $25.00 per week was never reinstated, nor was an end-date for the temporary order specified, nor has it been subsequently modified. Accordingly, that order remains in effect.
It is also noted that at the hearing on December 3, 2001, the respondent was put on notice that given the apparent validity on its fact of the Missouri remand order, he might be ordered to make a lump sum payment of an amount to cover some or all of any unpaid support accruing pending this decision. Transcript 12/3/2001, 10-14. Accordingly, in addition to the periodic orders, the respondent is ordered to make a CT Page 3510 one-time lump sum payment of $9,000.00 to the Connecticut support enforcement division[11] on or before March 31, 2002.
 IV
For the foregoing reasons, the amended registration is confirmed. The respondent is ordered to pay $3,014.00 per month for current support plus $70.00 per month on the arrearage, or a total of $3,084.00 per month. The March payment is to be made within five days of notice of this judgment. The periodic order will thereafter be payable on the first day of each month, to the Connecticut support enforcement division or as they direct. In addition, the respondent is ordered to make a one-time lump sum payment of $9,000.00 on or before March 31, 2002. The arrearage is $327,921.99 as of February 28, 2002, subject to adjustment for uncredited payments within sixty days. The immediate income withholding order issued on January 27, 1999 remains in effect modified consistent with this judgment. Notwithstanding the income withholding, the respondent must make such payments as are necessary to fully comply with the support order on a timely basis.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate