JULIE PREST MOORE *v.* JOHN HOLLISTER MOORE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 12—decision released May 17, 1977

*William J. Kupinse, Jr.,* for the appellant (defendant).

*Gregory P. Patti,* with whom, on the brief, was *Paul V. McNamara,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff wife commenced an action for divorce in September, 1968. On September 24, 1969, a judgment of divorce was rendered which also provided that the defendant husband pay the plaintiff $75 per month for the support of each of their two minor children. On February 13, 1974, the plaintiff filed a motion for modification. On February 26, 1974, the court granted the motion for modification and increased the support to $150 per month for each child. The defendant has appealed.

The court did not hear any evidence but had before it the sworn financial affidavits of the parties as of the time of the divorce on September 24, 1969, and those filed on February 26, 1974, the day of the hearing. In its finding the court compared the income and assets of each party at the time of divorce and at the time of the hearing for modification. Further, the court took judicial notice in its finding that each child was four and one-half years older than she had been at the time of the divorce "with commensurate greater costs for clothing and maintenance" and took further judicial notice "of the marked economic inflation and devalued buying power of the dollar from September, 1969 to February, 1974." The entire transcript of the proceedings, printed in the defendant's brief, reveals that the court did not mention to counsel that it planned to take judicial notice of these two matters.

Notice to the parties is not always required when a court takes judicial notice. Our own cases have

attempted to draw a line between matters suscep-
tible of explanation or contradiction, of which notice
should not be taken without giving the affected
party an opportunity to be heard; see *Nichols* v.
*Nichols,* 126 Conn. 614, 622, 13 A.2d 591; McCormick,
Evidence (2d Ed.) § 333, pp. 771–72; and matters
of established fact, the accuracy of which cannot be
questioned, such as court files, which may be judi-
cially noticed without affording a hearing. *Krawiec*
v. *Kraft,* 163 Conn. 445, 451, 311 A.2d 82; *Guerriero*
v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497.

Even when a fact, such as whether a certain date
fell on a Tuesday, is not open to argument, it may
be the better practice to give the parties an oppor-
tunity to be heard. *Karp* v. *Urban Redevelopment
Commission,* 162 Conn. 525, 527, 294 A.2d 633.

Other authorities have drawn a distinction
between "legislative facts," those which help deter-
mine the content of law and policy, and "adjudica-
tive facts," facts concerning the parties and events
of a particular case. The former may be judicially
noticed without affording the parties an opportunity
to be heard, but the latter, at least if central to the
case, may not. Davis, "Judicial Notice," 55 Colum.
L. Rev. 945, 952–59, 984. The distinction has been
adopted in rule 201 of the new Federal Rules of
Evidence, which requires an opportunity to be
heard when any adjudicative fact is judicially
noticed.

Whether a child's clothing expenses increase
"commensurately" with her age is open to argument.
Young children may outgrow clothes more rapidly,
but older children may require more varied ward-
robes. This "fact" is one of which judicial notice

should not be taken[1] and certainly not without giving the parties an opportunity to be heard.

Whether there has been inflation between 1969 and 1974 is not open to argument. The extent of that inflation and its effect on the necessary expenses of the parties, however, is open to dispute. See *Ohio Bell Telephone Co.* v. *Public Utilities Commission,* 301 U.S. 292, 302–303, 57 S. Ct. 724, 81 L. Ed. 1093. The mere fact of inflation, although it may be judicially noticed without affording an opportunity to be heard, is not sufficient ground for increasing an order of support. It must also be shown that inflation (a) has substantially increased the necessary expenses of the children and (b) has not increased the necessary expenses of the parent against whom the order is entered to a point which renders him unable to pay increased support.[2] There was no such finding in this case. The court merely stated that it "considered the data set forth in the financial affidavits of the parties." Such a finding could not have been made on the basis of those affidavits alone. They show that the wife's expenses decreased while her income increased, whereas the husband's expenses increased more than did his income. While it is possible that the husband's expenses were greater than neces-

---

[1] There are two types of facts considered suitable for the taking of judicial notice: those which are "common knowledge" and those which are "capable of accurate and ready demonstration." McCormick, Evidence (2d Ed.) § 330, p. 763. Courts must have some discretion in determining what facts fit into these categories. It may be appropriate to save time by judicially noticing borderline facts, so long as the parties are given an opportunity to be heard.

[2] Compare *State* v. *Tomanelli,* 153 Conn. 365, 216 A.2d 625, holding that the scientific accuracy of the principle of radar as a means of measuring speed may be judicially noticed, but the accuracy of an actual radar instrument may not.

sary and the wife's income was inadequate to provide properly for the children, there was no finding to this effect.

There is error, the modification of the support order is set aside and a new hearing on the motion for modification is ordered.

In this opinion the other judges concurred.