### Joan L. Benson *v.* John T. Benson

Peters, Healey, Parskey, Armentano and Shea, Js.

Argued April 2—decision released June 22, 1982

*Norman J. Voog,* with whom, on the brief, was *Edmond M. Diorio,* for the appellant (plaintiff).

*Wesley W. Horton,* with whom, on the brief, was *Louis Kiefer,* for the appellee (defendant).

Shea, J. This appeal raises the issue whether a rise in the consumer price index is a "change in the

circumstances" sufficiently "substantial" to necessitate a parallel increase in child support under General Statutes § 46b-86 (a).[1]

The marriage of the parties was dissolved in 1974. The court awarded to the plaintiff mother custody of the two minor children, $100 alimony per week and $100 support for each child per week. In 1976 the court terminated the alimony obligation on the ground that the plaintiff was cohabiting with another man whom she later married. The plaintiff's motion for an increase in child support, heard simultaneously with the defendant's request for termination of alimony, was denied.

In October, 1979, the plaintiff filed a motion for an increase in child support.[2] As grounds for her request that the court increase the weekly support payments she claimed substantial changes of circumstances, namely that the needs of the children had increased, the dollar's purchasing power had decreased considerably, and the defendant's salary as a pilot had climbed because of cost of living and merit raises. After a hearing in July, 1980, the court increased the child support award by ten dollars per child per week resulting in a total weekly support obligation of $220 as compared with

[1] "[General Statutes] Sec. 46b-86. (Formerly Sec. 46-54). MODIFICATION OF ALIMONY OR SUPPORT ORDERS AND JUDGMENTS. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

[2] The plaintiff also filed motions for contempt and counsel fees and costs in October, 1979. No appeal has been taken from the action of the court upon these motions.

the order of $200 at the time of the dissolution in 1974. The plaintiff mother has appealed from this modification order.

The plaintiff claims error in the court's failure to consider the effect of inflation as constituting a substantial change in circumstances and to grant her a modification in proportion to the rise in the consumer price index. She points out that the $220 payment ordered by the court in 1980 buys less than $200 did in 1974. We conclude that her claim that the court abused its discretion is without merit.

"It is well settled in this state that a 'modification [of alimony] is not warranted unless there has been a substantial change in the circumstances of either party, occurring subsequent to the entry of the original decree, and not contemplated by the parties at that time.' *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); see General Statutes § 46b-86 (a)." *Noce* v. *Noce,* 181 Conn. 145, 147–48, 434 A.2d 345 (1980); see Clark, Domestic Relations § 14.9; 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07. "[A] broad range of circumstances is relevant in deciding whether a decree . . . may be modified." *Cummock* v. *Cummock,* 180 Conn. 218, 221, 429 A.2d 474 (1980); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 264, 413 A.2d 854 (1979). "The mere fact of inflation . . . is not sufficient ground for increasing an order of support." *Moore* v. *Moore,* 173 Conn. 120, 123, 376 A.2d 1085 (1977). If all the other circumstances were unchanged, a modification might be warranted upon a showing that inflation (a) has substantially increased the necessary expenses of the children and (b) has not increased the necessary expenses of the parent against whom the order is entered. Ibid. In this case, however, all of the other relevant circum-

stances were not the same as they had been in 1974 or 1976. In its memorandum of decision the court examined the net worth, income, earning capacity, and employability of the parties as well as the life style of the children at the time of the 1980 hearing and concluded that, whether the base year for comparison was 1974 or 1976,[3] there was a change substantial enough to warrant modification.

[3] The parties disagree as to whether, in evaluating the "change," the circumstances at the time of the hearing are to be measured against those in 1974, when the original judgment was rendered, or those in 1976 when a similar motion by the plaintiff, heard in conjunction with the defendant's motion to terminate alimony, was denied. The trial court never decided which year was proper to use as a base, finding that whether comparison was made with 1974 or 1976 circumstances, an increase of only ten dollars per week per child was warranted. The defendant argues that, since the plaintiff's 1976 motion to increase support was denied and no appeal was taken, the relevant "change" is between 1976 and the present. This argument is not persuasive, however, since the support order in effect is that issued in 1974 based on the circumstances of the parties and their children at that time as set forth in General Statutes § 46b-84.

The defendant's view would punish a party who sought modification in good faith prematurely. An increment of, for example, $5000 per year in the salary of a payor might not be deemed "a substantial change in the circumstances" as required by General Statutes § 46b-86, to warrant modification. A further increment of $5000 the next year, however, resulting in a $10,000 per year change in salary from that reported when the order was made, might well cross this threshold. The plaintiff's failure to appeal from the 1976 denial of her motion to increase support neither bars the 1980 motion nor moves the comparison year to 1976. She is not, as the defendant claims, attempting to reargue the 1976 motion by this 1980 motion. In 1976 she unsuccessfully attempted to show that the circumstances of 1976 differed significantly from those of 1974. In presenting the 1980 motion, her burden was to show that the circumstances of 1980 constituted a substantial change from those of 1974. We conclude that 1974 was the proper year for comparison.

The situation where the court has denied a motion for modification must be distinguished from that where some modification has been granted. Any subsequent modification would then depend upon changed circumstances arising not since the original decree but since the date of the earlier modification. *Theonnes* v. *Theonnes*, 181 Conn. 111, 114, 434 A.2d 343 (1980).

Having decided that there was a sufficient change in circumstances, even since 1976, to trigger a modification, the court next had to determine the appropriate amount of the adjustment in the support payments. The same criteria, set forth in General Statutes § 46b-84 for consideration in making the initial support award,[4] are also relevant to its modification, and the court must consider, among other things, the "health, . . . occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the . . . needs of the child." *Hardisty* v. *Hardisty,* 183 Conn. 253, 259 n.2, 439 A.2d 307 (1981); *Sanchione* v. *Sanchione,* 173 Conn. 397, 401–402, 378 A.2d 522 (1977). Each of these factors is referred to in the memorandum of decision. "In making its determination of the applicability of these criteria, the trial court has broad discretion; '[t]he test is whether the court could reasonably conclude as it did.' *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980) . . . ." *Hardisty* v. *Hardisty,* supra, 259–60. The changes since 1974 or 1976 noted by the court were increases in the earning ability and the income of the defendant father, in the net worth of each of the parties, but in different proportions, and in the needs of the children because they were older and had different and more expensive interests attributable to their life style in Colorado. Although the court found

[4] General Statutes § 46b-84 (b) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

that the defendant's income had kept pace with the consumer price index approximately, it also found in a further articulation[5] of the decision, requested by the defendant, that in 1980 the plaintiff's net worth was $164,739, as compared to the defendant's net worth of $55,908.85.

We cannot find any abuse of discretion in the result reached by the court requiring the plaintiff to bear a proportionately larger share of the burden of child support than at the time of the original decree in 1974. The court did not ignore inflation, as the plaintiff contends, but, in evaluating this factor in relation to the respective support obligations of the parties, it was entitled to consider not only the increase in the defendant's income but also the even more substantial increase in the plaintiff's net worth which had taken place.

There is no error.

In this opinion the other judges concurred.

---

[5] There appears to have been some confusion in the original memorandum as to the relative increase in the parties' net worth. The defendant moved for a rectification of appeal or further articulation of "the basis of [the court's] decision concerning the relative increase in the assets and net worth of the parties between 1976 and 1980." The supplemental memorandum filed in response to that motion spells out the court's findings that the plaintiff's net worth had increased more than fourfold while the defendant's had not quite doubled in the period 1976-1980. In comparing the net worth of their assets in 1976, the court arrived at a valuation of $40,074.02 for the plaintiff and $36,379.33 for the defendant. The plaintiff's 1976 affidavit showed a liability of $70,000 which the court did not mention in its articulation; the defendant's 1976 affidavit showed no liabilities.