[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter appears before the Court on a series of post-judgment motions filed by the plaintiff and one motion filed by the defendant.
This marriage was dissolved on April 29, 1987. Since then, the computerized print out shows that both parties have filed an alarming number of motions, citations and objections, all of which are reflective of the animus existing before and since the dissolution. The parties are involved in a constant maelstrom of charges and counter charges. This latest foray resulted in a prolonged hearing, which in effect, was repetitious of evidence and findings presented in prior hearings.
At last count, since the dissolution, no fewer than fifty two motions have been filed by both parties. In addition, there have been at least twenty other citations, orders and requests for interrogatories filed.
The motions which this Court heard go back to March 1991. In fact, there is a request for this Court to vacate a finding by Judge Leuba, dated September 9, 1990.
This Court has reviewed all of the files (three in number) in order to fully understand the background and hopefully resolve all outstanding issues. The Court is grateful for the background information given to it by counsel. Attorney Schiller provided the Court with a 44-page trial memorandum which was helpful to the Court in tracing the chronological history.
Having also carefully reviewed the notes from the hearing, the Court orders as follows:
(1) The request by the plaintiff that the defendant pay one-half of the tuition bill at Norwich Free CT Page 8010 Academy is denied. The evidence shows that the father did not cooperate, as required by the decree, nonetheless, the wife is also at fault in that she provided false information. The court should not be punitive in the rendering of its orders just because a party has failed to cooperate. All the evidence shows that the child would have received an equally good education by attending a private school. The information provided by the wife was not entirely accurate.
(2) Orthodontic and past medical bills. The Court finds from the testimony that these were reasonably incurred for the benefit of the minor child and were "necessary," even if the Court were to find that consultation did not occur. The defendant shall, within ninety (90) days, reimburse the plaintiff the sum of $344.76 for past medical bills and also contribute to the extent of 50 percent of the orthodontic bill. See Michel v. Michel, 2 CSCR 440 (1987).
Further, the defendant is ordered to maintain dental as well as medical insurance for the minor child, if it is available through his employment.
(3) Telephone contact with Brendan. The Court believes that there should be open and continuous communication between father and son. The Court therefore orders that the wife provide a separate telephone line, directly to the son, over which she has no control, so that either the son or the father can initiate telephone communication at all reasonable hours. The cost of this service shall be paid by the plaintiff. The cost of the calls will be paid by the defendant. This includes calls initiated by either the father or the son.
(4) Arrearage. The Court finds an arrearage as of March 17, 1993 in the amount of $606.59. The plaintiff has attempted to prove a greater arrearage but she has failed to carry her burden. The Court cannot speculate as to what Judge Axelrod intended to do in this matter.
(5) Motion for modification. The Court adopts the finding of Benson v. Benson, 187 Conn. 380 (1982), in that since prior motions for modification were not granted, the Court is allowed to return to the date when the order was originally granted in its determination of whether a change of circumstances has occurred. CT Page 8011
The Court has done that and finds that there has been a substantial change of circumstances and that the current order should be modified. The Court has considered all of the factors raised by counsel in their briefs as to the applicability or non-applicability of the guidelines.
The Court finds the guidelines are applicable and orders that the judgment be reopened and that the child support shall be $320 per week. This figure is within the 15 percent unextrapolated figure suggested by the guidelines. This is retroactive to March 17, 1993. The arrearage occasioned by this modification shall be paid at the rate of $25 per week until paid in full.
(6) Contempt. The Court does not find sufficient grounds to make a finding of contempt against the defendant. The Court does, however, find that the conduct of the plaintiff has interfered with the father's ability to have a meaningful relationship with his son. There is a history of such behavior. The Court finds her in contempt and orders her to pay $750 in attorney's fees. The Court also admonishes the plaintiff and warns her that such behavior will not be tolerated. The fees must be paid within sixty (60) days.
Finally, the Court feels compelled to comment on the defendant's lack of candor in his financial affidavit. He has failed to reveal the cash value of his pension and his Merrill Lynch account. Also, the Traystman Traystman bill is suspect. These lapses or intentional errors cannot be tolerated and the Court will take appropriate steps if such financial reporting reoccurs.
(7) Motion to vacate finding is denied.
Mihalakos, J.