[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a suit for vexatious litigation. The litigation alleged to be vexatious is Superior Court Case #CV96-0561317, now pending in the Superior Court, J.D. Hartford. The file in that case, Patrick Allen v. Michael Delugan, is now pending in this Court. Both the defendant and the plaintiff make reference to that case in their respective briefs. The Court takes judicial notice of that file. Moore v. Moore,173 Conn. 120, 122 (1977).
The defendant in this action for vexatious litigation moves to dismiss this action on the grounds that the prior litigation has not terminated in the favor of the plaintiff in this action, who is the defendant in the earlier filed action. CT Page 4108
Review of the file in the earlier filed litigation, Allenv. Delugan, CV96-0561317S, clearly demonstrates that said action is still pending in this Court. This Court, O'Neill, J., denied the therein plaintiff's application for a prejudgment remedy, on July 22, 1996. The underlying action has progressed in due course since that date and remains an active pending case in this Court.
A claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff'sfavor. Zeller v. Consoline, 235 Conn. 417, 424 (1995);Vandersluis v. Weil, 176 Conn. 353, 356 (1978). Prejudgment remedy proceedings do not address the merits of the action, but only whether and to what extent the plaintiff is entitled to have property of the defendant held in custody of the law pending adjudication of that action. Tyler v. Schnabel,34 Conn. App. 216, 217 (1994).
As a matter of law the Court record clearly reflects that the underlying action has not terminated in favor of the herein plaintiff, the therein defendant. An event which is required to take place as a condition to the bringing of this action has not taken place. Hence the action is prematurely brought, regardless of the allegation of the complaint which alleges termination of the prior action. The court record totally belies that allegation.
As of this time no cause of action for vexatious litigation has accrued. No claim has come into existence such as to be a present enforceable demand. Balboa Ins. Co. v.Zaleski, 12 Conn. App. 529, 534 (1987), D'Occhio v.Connecticut Real Estate Commission, 189 Conn. 162, 182 (1983). Termination of the underlying action in favor of this plaintiff is a condition precedent to maintaining a cause of action for vexatious litigation and if this requirement is not met no cause of action exists. See cases such as Bresnan v.Frankel, 224 Conn. 23, 26 (1992).
For the reasons set forth herein, the motion to dismiss is granted.
F. Paul Sullivan, J. CT Page 4109