******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STACY TABER *v.* MICHAEL TABER
(AC 44272)

Bright, C. J., and Suarez and Vertefeuille, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from an order of the trial court issued on August 10, 2020, modifying his custody of the parties' minor child and amended his appeal to challenge the court's October 28, 2020 order concerning the payment of arrearage fees to the guardian ad litem. On October 13, 2020, the court issued an order suspending entirely the defendant's access to the minor child until certain conditions were met. *Held*:

1. The defendant could not prevail on his claim that the trial court failed to apply the correct legal standard and failed to make the requisite findings in its consideration of the plaintiff's application for an emergency ex parte order of custody, as the appeal from the court's August 10, 2020 order on the application was dismissed as moot; subsequent to the trial court's order regarding the defendant's custody of his minor child, the court issued an order on October 13, 2020, further restricting his access to the child and superseding the first order, and, because the defendant did not appeal from the October 13, 2020 order, this court could not afford the defendant any practical relief and lacked subject matter jurisdiction.

2. The trial court did not abuse its discretion in ordering the defendant to begin making weekly payments on the total arrearage of guardian ad litem fees; the court ordered the defendant to submit a current, completed financial affidavit and a recent paystub showing his year to date earnings and held a hearing to address the issue of the fees, and testimony was presented concerning the defendant's current financial circumstances and ability to pay various other bills, thus, the record indicated that the court considered the financial circumstances of the parties in issuing its order.

Argued November 18, 2021—officially released January 25, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Abery-Wetstone, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Caron, J.*, granted the plaintiff's application for an emergency ex parte order of custody of the parties' minor child, and the defendant appealed to this court; subsequently, the court, *Abery-Wetstone, J.*, granted the plaintiff's motion for contempt and issued orders suspending the defendant's access to the minor child; thereafter, the court, *Abery-Wetstone, J.*, ordered the defendant to pay the arrearage of guardian ad litem fees, and the defendant filed an amended appeal. *Appeal dismissed in part*; *affirmed*.

*Michael Taber*, self-represented, the appellant (defendant).

*Opinion*

SUAREZ, J. In this amended appeal, the self-represented defendant, Michael Taber, appeals from the order of the trial court granting the application for an emergency ex parte order of custody filed by the plaintiff, Stacy Taber. The order, in part, limited the defendant's right to visitation with the parties' minor child. The defendant also appeals from another order of the court ordering him to pay $100 per week on a total arrearage of guardian ad litem (GAL) fees incurred in this dissolution matter and related proceedings. The defendant claims that the court (1) failed to apply the correct legal standard and failed to make requisite findings in its consideration of the application for an emergency ex parte order of custody, and (2) improperly ordered him to make payments of $100 per week on the total arrearage of GAL fees. We dismiss as moot the portion of the appeal related to the defendant's first claim. With respect to the defendant's second claim, we affirm the order of the court finding an arrearage of GAL fees and ordering him to make weekly payments on the total arrearage.[1]

The following undisputed facts and procedural history are relevant to our resolution of the defendant's claims. The plaintiff and the defendant were married in 2009, and had a child together in 2010. In May, 2017, the plaintiff commenced an action seeking a judgment of dissolution. In August, 2017, the plaintiff and the defendant entered into a pendente lite agreement, which was subsequently approved and entered as an order of the court, establishing joint custody of the minor child and setting forth a parenting plan.

The August, 2017 agreement also provided for the appointment of a GAL to represent the minor child. Attorney Kathleen Nevins was appointed as the GAL in the marital dissolution and custody proceedings. Nevins was reappointed several times throughout the proceedings, most recently on January 30, 2020. The order of duties and fees related to Nevins' January 30 appointment indicated that the parties were each responsible to pay 50 percent of the GAL fees, which were billed at an hourly rate of $150.

Although the litigation between the plaintiff and the defendant has been ongoing for several years, this appeal focuses on two specific orders of the court. The first order from which the defendant appeals was entered on August 10, 2020. Relevant to that order, on July 30, 2020, the plaintiff filed an application for an emergency ex parte order of custody requesting that the defendant's "vacation time with the child be terminated immediately." On August 10, 2020, the court, *Caron, J.*, held a hearing on the plaintiff's application. Following the hearing, the court entered the August 10, 2020 order, which established a new parenting plan suspending the

defendant's overnight access with the minor child and ordering that the defendant "shall have parenting time every other Saturday from 10 a.m. to 7 p.m." The August 10, 2020 order further provided that the defendant was to have telephone access with the minor child "whenever [the child] wants for as long as he wants."

Thereafter, on September 14, 2020, the plaintiff filed a motion for contempt postjudgment, alleging that the defendant did not adhere to the parenting plan established by the August 10, 2020 order. On September 24, 2020, the court, *Abery-Wetstone, J.*, held a hearing on the motion for contempt. On the same day, the court issued a written order finding the defendant in contempt of the August 10, 2020 order. On October 1, 2020, the plaintiff filed a motion to correct in which she requested that the court correct the written September 24, 2020 order to correspond with the court's oral decision. The court granted the motion and issued a corrected order, dated October 13, 2020. The October 13, 2020 order suspended the defendant's access to the child until the defendant "attends therapy with Dr. Bruce Freedman, Ph.D., bi-weekly for a period of three months without a gap." Additionally, the court ordered that the defendant was "responsible for GAL attorney's fees in accordance with the attorney's fees affidavits filed with the court." It further ordered that the defendant begin making payments on the "total arrearage [of GAL fees] no more than thirty days from the date of [the] order." The court found that such GAL fees were reasonable and necessary.

On October 13, 2020, the GAL filed a request for a status conference regarding fees. In response to this request, the court scheduled a hearing for October 28, 2020, to address the issue of GAL fees. The court further ordered that the defendant bring to the hearing a "current and completed financial affidavit and a recent [pay stub] showing year to date earnings."

The defendant did not attend the October 28, 2020 hearing, but he did file a financial affidavit prior to the hearing. At the hearing, the GAL testified that she reviewed the financial affidavit that the defendant had submitted to the court. The GAL further testified, based on the financial affidavit, that the defendant was "making $120,000 [per year] now, as compared to January, 2020, [when the defendant] was claiming he made zero." She also testified that "since January . . . [the defendant] elected to pay [various other bills] instead of the guardian ad litem [fees]." The GAL asserted that the defendant "keeps choosing not to pay the guardian ad litem fees." She ultimately asked the court to order the defendant to pay the full arrearage of the fees within fourteen days of the hearing. At the conclusion of the hearing, the court, *Abery-Wetstone, J.*, found, on the record, that the defendant had accrued a total arrearage of $6263.87 in GAL fees.

On October 28, 2020, the court issued a written decision in which it ordered the defendant to pay the "fee arrearage until paid in full at the rate of $100/week." The court noted at the hearing that the total fee arrearage was $6263.87 and that, at the rate of $100 per week, it would be fully paid in approximately sixty-three weeks.

On September 17, 2020, the defendant filed an appeal from the August 10, 2020 order. The defendant did not appeal from the October 13, 2020 order, nor did he amend his appeal from the August 10, 2020 order to include the subsequent October 13, 2020 order. On December 1, 2020, the defendant filed an appeal from the October 28, 2020 order. Under our rules of appellate procedure; see Practice Book § 61-9; we consider this subsequent appeal to have amended his initial appeal from the judgment rendered with respect to the August 10, 2020 order to include a challenge to the judgment rendered with respect to the October 28, 2020 order.[2]

## I

First, with respect to the August 10, 2020 order, the defendant claims that the court failed to apply the correct legal standard and failed to make requisite findings in its consideration of the application for an emergency ex parte order of custody. We dismiss this portion of the appeal as moot.[3]

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of the appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." (Citation omitted; internal quotation marks omitted.) *Kennedy* v. *Kennedy*, 109 Conn. App. 591, 599, 952 A.2d 115 (2008).

"Even though the issue of mootness was not raised in the briefs or at oral argument, this court has a duty to consider it sua sponte because mootness implicates the court's subject matter jurisdiction. It is, therefore, a threshold matter to resolve. . . . Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the

lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Citation omitted; internal quotation marks omitted.) Id., 598–99.

As we discussed previously in this opinion, subsequent to the August 10, 2020 order establishing the defendant's right to scheduled visitation with his child, the court, on October 13, 2020, issued another order which suspended the defendant's access to the child, including both visitation and telephonic access. Given that the August 10, 2020 order has been superseded by the October 13, 2020 order, and that order has not been appealed from, this court cannot afford the defendant any practical relief. Therefore, this portion of the appeal is moot, and this court lacks subject matter jurisdiction over it. See id., 599. Accordingly, we dismiss this portion of the defendant's appeal.

II

Second, with respect to the October 28, 2020 order, the defendant claims that the court improperly ordered him to make payments of $100 per week on the total arrearage of GAL fees. Specifically, the defendant claims that the court erred by not considering the respective financial circumstances of the parties. We disagree.

General Statutes § 46b-62 governs, inter alia, payments of GAL fees. Section 46b-62 (a) provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. If, in any proceeding under this chapter . . . the court appoints counsel or a guardian ad litem for a minor child, the court may order the father, mother or an intervening party, individually or in any combination, to pay the reasonable fees of such counsel or guardian ad litem or may order the payment of such counsel's or guardian ad litem's fees in whole or in part from the estate of the child. . . ." Under § 46b-62, the court must consider the financial resources of the parties when awarding attorney's fees. See, e.g., *Ruggiero* v. *Ruggiero*, 76 Conn. App. 338, 347–48, 819 A.2d 864 (2003). How such expenses will be paid is, however, within the court's discretion. See, e.g., id., 348. "An abuse of discretion in granting [guardian ad litem] fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Rubenstein* v. *Rubenstein*, 107 Conn. App. 488, 500, 945 A.2d 1043, cert. denied, 289 Conn. 948, 960 A.2d 1037 (2008).

In the present case, the defendant claims that the court abused its discretion because it did not consider the respective financial circumstances of the parties when it ordered him to begin making the weekly payments. For the reasons that follow, we conclude that the record does not support the defendant's contention.

To begin, the court held a hearing to address the issue of GAL fees. Prior to the hearing, the court ordered that the defendant submit a current, completed financial affidavit and a recent pay stub showing his year to date earnings. During the hearing, the court heard testimony concerning the defendant's financial circumstances from the GAL. The court also heard testimony that the defendant was able to pay various other bills, although he was not paying the GAL fees. The GAL requested that the total arrearage of fees be paid within fourteen days of the hearing. The court instead ordered the defendant to make payments in the amount of only $100 per week. The record indicates that the court did, in fact, consider the financial circumstances of the parties. We therefore conclude that the court did not abuse its discretion when it ordered the defendant to begin making weekly payments on the total arrearage of GAL fees.

The portion of the amended appeal from the August 10, 2020 order of the trial court establishing the defendant's right to scheduled parental visitation time is dismissed as moot; the appeal from the order of the trial court ordering the defendant to make weekly payments on the total arrearage of guardian ad litem fees is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff has not participated in this appeal and, thus, we consider the appeal solely on the basis of the arguments set forth in the defendant's appellate briefs, his oral argument, and our review of the record.

[2] Practice Book § 61-9 provides in relevant part: "If the appellant files a subsequent appeal from a trial court decision in a case where there is a pending appeal, the subsequent appeal may be treated as an amended appeal . . . ."

[3] This court heard oral argument in the present case on November 18, 2021. Following oral argument and on our further review of the trial court's file, we became concerned that this portion of the appeal was moot. On November 22, 2021, we issued an order for the defendant to file a supplemental brief addressing whether the portion of this appeal challenging the August 10, 2020 order of the court, *Caron J.*, entered in response to the plaintiff's application for an emergency ex parte order of custody of the parties' minor child, should be dismissed as moot in light of the October 13, 2020 order of the court, *Abery-Wetstone, J.*, which subsequently altered the defendant's right to visitation with the child and from which the defendant has not appealed. On December 21, 2021, the defendant filed a supplemental brief in response to the order. In his brief, the defendant does not argue that the portion of the appeal challenging the August 10, 2020 order is not moot. Instead, the defendant argues that the challenged action falls under a recognized exception to the mootness doctrine because it is capable of repetition, yet evading review.

"The mootness doctrine does not preclude a court from addressing an issue that is capable of repetition, yet evading review. . . . [F]or an otherwise moot question to qualify for review under the capable of repetition, yet evading review exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature

must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Burbank* v. *Board of Education*, 299 Conn. 833, 839–40, 11 A.3d 658 (2011). The defendant has not persuaded us that any of the three requirements have been met in the present case.

———————————————————