******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# IN RE POLICE CASE NUMBERS: MERIDEN PD 20-003903, 20-005055 AND BERLIN PD 2020-11662
## (AC 44472)

Bright, C. J., and Alvord and Clark, Js.

*Syllabus*

An individual, L, sought to quash a search and seizure warrant in connection with a police matter in Meriden. The trial court dismissed L's motions on the ground that it lacked subject matter jurisdiction because there was no pending criminal action against L, and L appealed to this court. Subsequently, L was arrested via an arrest warrant with the same police case number as was on the search and seizure warrant. Because L was charged with a class A felony, the matter was transferred from the part B docket in Meriden to the part A docket in New Haven. On L's appeal, *held*: the appeal was dismissed as moot as the relief sought on appeal, a hearing on the merits of the motions, is available to L in the pending criminal action, which stemmed from the same investigation that prompted the search warrant at issue in the appeal; moreover, no practical relief would follow from a determination as to the trial court's jurisdiction to consider those claims in the absence of a pending criminal action; furthermore, although L claimed that the appeal involved the Meriden court that issued the search warrant and not the New Haven court where the criminal action is pending, the search warrant L sought to quash and the arrest warrant in the criminal action both have the same Meriden police case number and were issued in connection with the same investigation.

Argued May 18—officially released September 6, 2022

*Procedural History*

Motions to quash a search and seizure warrant, brought to the Superior Court in the judicial district of New Haven at Meriden, geographical area number seven, where the court, *Rosen, J.*, dismissed the motions, and the movant appealed to this court. *Appeal dismissed.*

*Anthony Lazzari*, self-represented, the appellant (movant).

*Kathryn W. Bare*, senior assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, chief state's attorney, *Jennifer F. Miller*, assistant state's attorney, and *James Dinnan*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

BRIGHT, C. J. Anthony Lazzari appeals from the judgment of the trial court dismissing his emergency motions seeking, inter alia, to quash a search and seizure warrant. The court determined that, because there was no pending criminal action against Lazzari, it lacked subject matter jurisdiction over the motions. On appeal, Lazzari claims that the court had jurisdiction over the motions despite the absence of a pending criminal action. Since Lazzari filed this appeal, however, events have rendered the appeal moot. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction.

The record reveals the following facts and procedural history. On October 21, 2020, the Meriden Police Department obtained a search and seizure warrant directed to Google Legal Investigations (Google), seeking records for Lazzari's Google account between September 17 and September 23, 2020. In an October 27, 2020 email, Google notified Lazzari that it had received a search warrant for his account records and explained that, "[u]nless we promptly receive a copy of a filed motion to quash that is file-stamped by a court of competent jurisdiction, Google may provide responsive documents pursuant to applicable law . . . ." The message informed Lazzari that Google received the warrant from the Meriden Police Department and that the "case number" is 20-005055. Subsequently, Lazzari filed " 'emergency' " motions, dated November 2, 2020, (1) "to quash unreasonable and unlawful search and seizure warrant fraudulently issued on October 21, 2020," (2) "for full protective order" as to Lazzari, "his property, and any/all information related to and associated with him," and (3) "for a full evidentiary hearing on the merits." When he filed his motions, there was no pending criminal action against him.

The trial court, *Rosen, J.*, held a hearing on the motions on November 19, 2020. At the hearing, the state argued that the court lacked subject matter jurisdiction to consider the motions because there was no criminal action pending before it. The court agreed with the state and issued an oral ruling dismissing the motions. On November 27, 2020, Lazzari filed " 'emergency'" motions "for reconsideration and [to] quash [Google] warrant" and "for clarification (re: improper dismissal of emergency pleading(s) and nonruling of oral request for stay)."

On December 9, 2020, the court dismissed both motions for lack of jurisdiction. On December 15, 2020, Lazzari filed in this court a motion for review of the court's order dismissing his motions for reconsideration and clarification. He subsequently filed the present appeal on December 29, 2020, and this court dismissed his preappeal motion for review on December 31, 2020.

On January 19, 2021, Lazzari filed a motion for articu-

lation, asking the trial court to articulate the factual and legal bases for its decision, and a motion for rectification, seeking to correct minor typographical errors in the transcript.[1] On January 26, 2021, the state filed a motion to dismiss the appeal for lack of a final judgment, which this court granted on March 3, 2021. On March 12, 2021, Lazzari filed a motion for reconsideration en banc. The panel granted the motion for reconsideration, denied the state's motion to dismiss, and restored the case to the docket on April 21, 2021.[2]

On May 10, 2021, the trial court granted the motions for articulation and rectification. In its articulation, the court stated: "The Superior Court's authority in a criminal case is established by the proper presentment of the information . . . which is essential to initiate a criminal proceeding. . . . Thus, there must be a presentment of the information, and a pending cause of action, in order to invoke the Superior Court's subject matter jurisdiction in criminal proceedings. . . .

"[Lazzari] failed to establish, either at argument or in his motions, that the court in fact had subject matter jurisdiction to hear the motions, and he conceded that there was no pending criminal court action. In the absence of a presentment of the information and a pending criminal court action, the court lacked subject matter jurisdiction to hear the motions, and they were properly dismissed." (Citation omitted; internal quotation marks omitted.)

On November 16, 2021, after the appeal was ready for argument, Lazzari was arrested in Meriden pursuant to an arrest warrant issued in "Police Case Number" 20-005055, and the state charged him with, inter alia, three counts of trafficking in persons in violation of General Statutes (Rev. to 2019) § 53a-192a. See *State* v. *Lazzari*, Superior Court, judicial district of New Haven, Docket No. CR-21-0348534-T.[3] Because a violation of § 53a-192a is a class A felony, the matter was ordered transferred from the part B docket in the geographical area number seven in Meriden to the part A docket in the judicial district of New Haven. See Practice Book § 1-6. In light of the pending criminal matter involving the same investigation that prompted the search warrant at issue in this appeal, this court notified the parties to be prepared to address at oral argument whether this appeal is moot because the state has filed a criminal information and initiated a criminal proceeding against Lazzari.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or ha[s] lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an

essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *State* v. *Begley*, 122 Conn. App. 546, 550–51, 2 A.3d 1 (2010).

During oral argument, Lazzari argued that the appeal is not moot. He claimed, "what I'm challenging is what came out of Meriden, not out of New Haven . . . ." He further argued that he should "not have to wait for another case that is pending in another court. They're two different courts, they're not the same court." For its part, the state argued that the appeal is moot and noted that both the search warrant and the arrest warrant are part of the same Meriden police case, as evidenced by the police case number recorded on each document. We agree with the state.

In the present case, the court determined that it lacked jurisdiction over Lazzari's motions challenging the search warrant because there was no pending criminal action against him. On appeal, Lazzari claims that the court had jurisdiction to consider the merits of his motions notwithstanding that there was no pending criminal action and requests that this court reverse the judgment and remand the matter for a "full evidentiary hearing which would be challenging, attacking and contesting the unreasonable and unlawful search and seizure warrant . . . ." Now, however, there is a pending criminal matter against Lazzari stemming from the same investigation that prompted the search warrant at issue in this appeal. Thus, whether the court had subject matter jurisdiction over Lazzari's motions in the absence of a pending criminal action has "lost its significance because of a change in the condition of affairs between the parties." (Internal quotation marks omitted.) *State* v. *Begley*, supra, 122 Conn. App. 550–51.

Furthermore, the relief sought by Lazzari on appeal—a hearing on the merits of his motions—already is available to him in the pending criminal action. Although Lazzari claims that this appeal involves the Meriden court that issued the search warrant and not the New Haven court where the criminal action is pending,[4] as noted by the state, the search warrant Lazzari seeks to quash and the arrest warrant in the criminal action both have the same Meriden police case number and were issued in connection with the same investigation. Accordingly, Lazzari has the opportunity to present his claims regarding the validity of the search warrant in the pending criminal action and, therefore, no practical relief would follow from a determination as to the trial court's jurisdiction to consider those claims in the absence of a pending criminal action. Consequently, the appeal is moot.[5]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] At two points in the transcript, the word "phishing" was used instead of "fishing" in the phrase "fishing expedition."

[2] Because the panel granted the motion for reconsideration, no action was necessary as to Lazzari's request for en banc reconsideration.

[3] We take judicial notice of the file in the pending criminal matter. See *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003) ("[t]here is no question that the [court] may take judicial notice of the file in another case" (internal quotation marks omitted)); see also *Moore* v. *Moore*, 173 Conn. 120, 122, 376 A.2d 1085 (1977) (court may judicially notice court files without affording hearing).

[4] Meriden is in the New Haven judicial district. See General Statutes § 51-344 (8).

[5] We note that Lazzari emphasized at oral argument that the issue in this appeal is of public importance, which is one of the three requirements for the capable of repetition, yet evading review exception to the mootness doctrine. See *Taber* v. *Taber*, 210 Conn. App. 331, 336 n.3, 269 A.3d 963 (2022) ("[F]or an otherwise moot question to qualify for review under the capable of repetition, yet evading review exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.)). Nevertheless, Lazzari did not argue that the challenged action in the present case satisfied the first two requirements under this exception. Accordingly, he has not demonstrated that the exception applies to save this appeal from being moot.